UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK JOSE MOORE,<br><br>           Plaintiff,<br><br>      v.<br><br>CONNIE GIPSON, et al.,<br><br>           Defendants. | Case No.: 1:13-cv-01820-BAM (PC)<br><br>ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE FOR A PRELIMINARY AND TEMPORARY RESTRAINING ORDER<br>(ECF No. 9) |

Plaintiff Merrick Jose Moore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on November 12, 2013. Plaintiff's complaint concerns events alleged to have occurred while Plaintiff was housed at Corcoran State Prison between January 9, 2012, and July 13, 2013. (ECF No. 9.)

On March 6, 2014, Plaintiff filed a motion seeking a temporary restraining order and order to show cause for a preliminary injunction against Connie Gipson, M. Jennings, M.T. Cisneros, R. Chavez, Escobar, D. Ryder and T. Wyman to prevent Plaintiff's transfer to a more restrictive institution and to remove him from Administrative Segregation. This matter has not been screened and no defendants have appeared in this action. The motion is deemed submitted. Local Rule 230(l).

The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction, Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th

Cir. 2001), and "[a] preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

In his moving papers, Plaintiff claims that he was seen by a committee on May 30, 2013, and recommended for transfer (non adverse) to Lancaster 270 IV GP for filing institutional paperwork and grievances. (ECF No. 9, p. 4.) According to supporting documents, however, the committee rescinded the transfer recommendation on August 6, 2013, after the events alleged in his complaint. (ECF No. 9, p. 19.) Plaintiff now seeks an injunction to prevent his transfer to High Desert State Prison. (ECF No. 9, p. 2.) Plaintiff also appears to complain of retaliation and his retention in administrative segregation in September and November 2013, after the events alleged in is complaint. (ECF No. 9, pp. 23-25.)

With regard to the transfer, convicted prisoners have no reasonable expectation that they will remain in any particular facility, and prison officials have broad authority to transfer prisoners from one facility to another. See Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); Montanye v. Haymes, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). "[A] prisoner's liberty

2

interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, indeed, even to a prison in another state, without offending the Constitution." Bravo v. Hewchuck, 2006 WL 3618023, *1 (N.D.Cal.2006) (citations omitted).

Further, the case or controversy requirement cannot be met because the transfer to High Desert State Prison and administrative segregation issues Plaintiff seeks to remedy in his motion bear no relation, jurisdictionally, to the past events giving rise to this suit. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 555 U.S. 488, 491-92, 129 S.Ct. 1142, 1148-49 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 118 S.Ct. 1003 (1998). Indeed, it appears that the conduct complained of in this motion concerns events outside of those alleged in his complaint. Because the case-or-controversy requirement cannot be met, the pendency of this action provides no basis upon which to award Plaintiff injunctive relief. Id. The only relief available to Plaintiff in this action, should he prevail, is money damages for the past violation of his constitutional rights while housed at Corcoran State Prison in 2012 and 2013. Indeed, Plaintiff's complaint does not seek injunctive relief.

Additionally, Plaintiff's requests related to his transfer, retaliation and retention in administrative segregation are now moot based on his transfer from Corcoran State Prison to High Desert State Prison as of March 6, 2014. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991) (per curiam) (stating that transfer to another prison renders request for injunctive relief concerning prison conditions moot absent some evidence of an expectation of being transferred back).

Even if this were not true, however, Plaintiff fails to demonstrate why or how his transfer to another prison or retention in segregation would cause him to suffer irreparable harm, that the balance of equities tips in his favor and that an injunction is in the public interest. Although Plaintiff claims that an adverse transfer places him "in danger" and in a hostile environment, he does not provide any facts to support this claim. (ECF No. 9; Declaration of Moore ¶ 4.) A conclusory statement is not sufficient to demonstrate that Plaintiff would suffer irreparable harm from a transfer or that the equities tip in his favor. See City of Los Angeles, 461 U.S. at 101–02 (plaintiff must show "real and immediate" threat of injury).

Plaintiff also seeks injunctive relief against persons who are not parties to this action, namely R. Chavez, Escobar, D. Ryder and T. Wyman.  Plaintiff may not enjoin unnamed individuals not before the Court. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir.1985).

For these reasons, Plaintiff's motion for a temporary restraining order and order to show cause for a preliminary injunction, filed December 23, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **July 2, 2014**                        /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE