# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK JOSE MOORE,<br><br>       Plaintiff,<br><br>   v.<br><br>CONNIE GIPSON, et al.,<br><br>       Defendants. | 1:13-cv-01820-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

**I.      Screening Requirement and Standard**

Plaintiff Merrick Jose Moore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on November 12, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently incarcerated at High Desert State Prison.  The events alleged in the complaint occurred while Plaintiff was housed at Corcoran State Prison.  Plaintiff names the following defendants:  (1) Connie Gipson, Warden; (2) J. Cavazos, Chief Deputy Warden; (3) R. L. Davis, Appeal Examiner; (4) J. D. Lozano, Chief, Office of Appeals; (5) Karen Cribbs, SSA; (6) E. Henery, Appeals Coordinator; (7) A. Casas, Correctional Officer; (8) J. Gonzalez, Correctional Sergeant; (9) R. Southard, Correctional Officer; (10) S. Longoria, Correctional Officer; (11) A. De La Cruz, Correctional Officer; (12) M. Bertram, Licensed Vocational Nurse; (13) C. Marquez, Supervising Registered Nurse; (14) K. Weatherford, Correctional Lieutenant; (15)  R. Miles, Correctional Sergeant; (16) L. Cahlander, Correctional Sergeant; (17) R. Zamora, Correctional Officer; (18) C. Love, Security Unit Correctional Sergeant; (19) D. Woodward, Investigative Security Unit; (20) M. Geston, ISU; (21) D. Grimsley, ISU; (22) H. Lazano, CO; (23) J. Torres, Correctional Counselor; (24) D. Ryder, CC II; (25) R. Perez, CO; (26) J. Arnett, CO; (27) R. Juarez, Lt.; (28) L. Ford, CO; (29) T. Marsh, Lt.; (30) A. Cruz, Lt.; (31) D.

Thornburg, Sgt.; (32) M. T. Cisneros, Capt.; (33) G. Meire, CO; (34) S. Childress, CO; (35) T. Adams, CO; (36) A. Scaffe, CO; (37) M. Solis, Sgt; (38) T. Perez, COW; (39) M. Jennings, AW; (40) Critchlow, CC II; (41) M. Gamboa; (42) W. Rasley; and (43) D. L. Azevedo, Corrections Counselor.

Plaintiff alleges as follows: On January 9, 2012, Defendant Southard took an adverse action against Plaintiff by confiscating Plaintiff's yard and other recreational activities and falsified documentation against Plaintiff because of grievances that Plaintiff filed.

On February 16, 2012, Defendant J. Gonzalez conspired to cover up the misconduct of his subordinates. After being provided with clear evidence of retaliation and falsification of documents, Defendant J. Gonzalez failed to remedy the wrong.

On March 26, 2012, Defendant Bertram was notified of chest and back pain, but refused to provide any medical attention. The following day, Defendant Bertram was notified of the pain, but stated that she was tired of inmates whining. Plaintiff notified staff and staff notified Defendant Bertram's supervisor. About a half hour later, Defendant Bertram returned with Defendant De La Cruz. Plaintiff was called out of his cell. Defendant De La Cruz forcefully grabbed Plaintiff, forcefully pushed him down in the chair and used abusive language. Defendant De La Cruz and his partner, A. Guizar, began to high five each other and taunt Plaintiff. They stated, "Make sure you spell my name right when you file your 602." (ECF No. 1, p. 5.) Defendant De La Cruz's supervisor, Defendant Weatherford, was notified on March 27, 2012, and again on May 14, 2012.

On May 28, 2012, Defendant Southard retaliated against Plaintiff for a previously filed grievance by falsely claiming that Plaintiff was out of bounds and authoring a chrono. Defendant J. Gonzalez was made aware of the misconduct.

On July 11, 2012, Defendant J. Gonzalez conspired to cover up the retaliation of Defendant Southard by illegally cancelling Plaintiff's grievance. Defendant J. Gonzalez then conspired with Defendants Casas and Henry by refusing to allow attachments to Plaintiff's grievance and then falsely claiming that Plaintiff refused to be interviewed.

1    On July 13, 2012, Plaintiff filed a grievance against Defendant J. Torres for retaliation
2 and for refusing to allow an Olsen review before a deposition.
3    On July 29, 2012, while waiting to attend a religious service, Defendant R. Zamaro
4 sexually groped Plaintiff by rubbing his genital against Plaintiff's buttocks while moaning.
5 Plaintiff immediately protested and asked Defendant's Supervisor, K. Weatherford, why he
6 allowed his subordinate to violate me in such a manner. Defendant Weatherford laughed and
7 said to write it up. Plaintiff sent a letter to the Warden. Plaintiff alleges that Correctional Officer
8 R. Perez witnessed the incident and failed to report the misconduct. Sergeant Miles was
9 informed and also failed to report the misconduct.
10   On July 31, 2012, Investigative Service Unit ("ISU") Officers D. Woodward and M.
11 Beston summoned Plaintiff to the program office and then proceeded to threaten him with
12 retaliation, cell searches, validation and property.
13   On August 1, 2012, Plaintiff was instructed to report to work exchange and upon arriving
14 Defendant Woodward was waiting. Plaintiff was taken to an interview room where two internal
15 affairs officers interviewed him. While this was going on, Defendant Woodward ransacked
16 Plaintiff's cell and broke his CD player in retaliation. After the cell search, Defendants
17 Woodward, Brimsley and Torres stood around. Defendant Woodward told Defendant Brimsley
18 that he messed with the wrong one and then high-fived Defendant Brimsley and Casas.
19   On October 11, 2012, Sergeant C. Love conducted an interview with Plaintiff concerning
20 the conduct of officers responsible for the misconduct and covered it up.
21   On June 4, 2012, an institutional grievance was filed against Sergeant R. Miles.
22 Retaliations, reprisals and retribution were the reasons and the continued refusal from
23 Defendants Miles and Weatherford to allow Plaintiff to attend his religious services. In
24 retaliation, Defendant J. Gonzalez denied Plaintiff's grievance.
25   On October 12, 2012, Defendant J. Gonzalez was written up for unprofessional conduct,
26 terrorist threats and harassment. Defendant Gonzalez and his subordinates took Plaintiff's
27 religious headgear and tossed it on the ground. At that time, Correctional Officers Lazano,
28 Longoria, Flores, Chalander, and Arnett surrounded Plaintiff menacingly stating "what you

gonna do." (ECF No. 1, p. 7.) As Plaintiff left, Defendant Gonzalez yelled, "[H]ey Moore when your mommy call tell her to suck my dick." (ECF No. 1, p. 6.) Defendants Woodward, Brimsley and Beston searched Plaintiff's cell, confiscated his personal property and tried to validate him.

On February 28, 2013, Plaintiff wrote a grievance on the excessive use of force by Correctional Officers Meier, Casas, Childress, and Adams, along with fabrication of documents by L. Ford. On February 15, 2013, Defendant Ford retaliated by claiming that Plaintiff indecently exposed himself. As a result, four correctional staff entered the housing unit, ran up to Plaintiff's cell, and opened the door. Defendant Meier snatched Plaintiff out of the cell and slammed him on the top tier rail. Defendant Casas jumped on Plaintiff's back while Defendant Childress bent Plaintiff's arm behind him. Defendant Ford then yelled, "[B]eat his ass." (ECF No. 1, p. 7.) Supervisor D. Thornburg witnessed the entire incident and ordered staff to take Plaintiff outside. As they entered the rotunda, Defendants Adams and Childress slammed Plaintiff face first into the wall and started punching him in the ribs. Plaintiff was taken to the program office and then to the hospital.

On April 19, 2013, Lieutenant Cruz denied Plaintiff due process when he and Correctional Officers A. Scaife, D. Perez, and J. Arnett falsified disciplinary reports and denied Plaintiff the right to call witnesses. Plaintiff alleges that this was in retaliation to grievances filed against Lieutenant Cruz's staff.

On May 14, 2013, Plaintiff was finally given a log number for his property that staff lost on February 15, 2013, in retaliation and reprisals for the grievance written on February 28, 2013 against staff for use of excessive force and fabrication of documents.

On May 30, 2013, Correctional Counselor C. Critchlow, Chief Deputy Warden M. Jennings, Captain M. Gamboa and Sergeant W. Rasley retaliated, fabricated and denied Plaintiff due process. Despite evidence of Plaintiff's innocence, these persons refused to correct the action taken against Plaintiff by the false disciplinary report written on February 15, 2013, loss of property and loss of credit. Plaintiff was put up for transfers and when notified of all the criminal acts taken against Plaintiff none of these persons corrected or remedied the situation.

They knew of the situation through letters, grievances, and requests for interviews, but decided to obstruct the process by disposing of documents or hold them until the time for grievances elapses.  Plaintiff alleges these are retaliatory actions.

On June 12, 2013, Plaintiff was interviewed by Sergeant W. Rasley concerning a grievance on the disposal of Plaintiff's legal and personal property.  Sergeant Rasley became infuriated and conspired to cover up the retaliation by fabricating his findings.  Based on his conduct, Plaintiff sent a request for interview to Sergeant Rasley's supervisor, Lieutenant T. Marsh.  Plaintiff alleges that Lieutenant Marsh allowed his subordinates to engage in retaliatory acts against inmates who utilized the appeal process.

On June 20, 2013, Plaintiff was sitting in his cell when Correctional Officer L. Ford, accompanied by Sgt. Rasley, approached the door and began to threaten Plaintiff with the issuance of a disciplinary rules violation report in retaliation for filing a grievance against them. Instead of discouraging the conduct of his subordinate, Sgt. Rasley encouraged, supported and participated in the intimidation and threats.

On June 22, 2013, two days after the threats, Correctional Officer R. Childress worked in the building where Plaintiff was housed and stated that Plaintiff "fucked up filing the grievance against him and his colleagues," referring to those officers responsible for the February 15, 2013 assault.  Plaintiff alleges that A. Cases, G. Meier, T. L. Adams, and R. Childress used excessive force at the behest of Ford and Sergeant Thornburg.  They ordered the perpetrators to take him outside, which caused the assault of Plaintiff in the rotunda area.  On June 23, 2013, A. Casas and Adams leveled the same threats.

On June 28, 2013, Supervisors Rasley and Marsh had Plaintiff in a holding cage.  They told Plaintiff that due to his continued grievance filing, he would never see his property again.  In response, Plaintiff submitted an institutional CDCR 22 form to the appeals coordinator with an explanation of events.  E. B. Jarvis and N. Jackson conspired to conceal and cover up the retaliation.

Prison officials began to obstruct Plaintiff's access to the courts and law library, along with the appeals process, with the knowledge that Plaintiff had pending active litigation.

1 Officers fabricated disciplinary reports in retaliation for Plaintiff engaging in protected conduct.
2 Prison officials' actions did not advance legitimate correctional goals. The actions would chill or
3 silence a person of ordinary firmness from future First Amendment activities.
4      On July 13, 2013, Sergeant Rasley falsely authored a rules violation report. On July 25,
5 2013, the rules violation report was "voided." However, Correctional Counselors T. Wyman
6 and D. Ryder falsified documents in the Institutional Classification Committee Chaired by
7 Captain M. T. Cisneros, Captain Gamboa and Warden Gibson by claiming that the rules
8 violation report was still pending. Several false institutional lock up orders were generated to
9 illegally retain Plaintiff in administrative segregation for five months after his SHU term was
10 done. Plaintiff claims this was false imprisonment.
11      Plaintiff now seeks declaratory relief, along with compensatory and punitive damages.
12   **III.   Deficiencies of Complaint**
13      Plaintiff's complaint does not comply with Federal Rules of Civil Procedure 8 and 18.
14 Plaintiff will be granted leave to file an amended complaint. To assist Plaintiff, the Court
15 provides the pleading and legal standards that appear applicable to his claims. Plaintiff should
16 amend only those claims that he believes, in good faith, are cognizable in this action.
17      **A.   Pleading Standards**
18         **1.   Federal Rule of Civil Procedure 8**
19      Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and
20 plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).
21 Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause
22 of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678
23 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a
24 claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S.
25 at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also
26 Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.
27      Although Plaintiff provides a short statement, it is not plain and it does not set forth
28 sufficient factual matter. Plaintiff's complaint is filled with conclusory statements, such as

assertions of conspiracy or purported knowledge of grievances, which do not provide specific factual information to permit the Court to determine if Plaintiff has stated a plausible claim for relief against the individually named defendants. If Plaintiff elects to amend his complaint, he must set forth specific factual allegations against each defendant.

### 2.     Federal Rule of Civil Procedure 18

Plaintiff is raising numerous claims based on different events against different defendants. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not assert multiple claims against unrelated defendants in this action. That the defendants all work at the same facility is not sufficient to support joinder of claims. Indeed, Plaintiff may not bring a single action for every unrelated incident occurring while he was housed at Corcoran State Prison. For example, Plaintiff may not pursue an excessive force claim arising out of an incident on February 15, 2013 involving Defendants Ford, Casas and Childress, while simultaneously pursuing a claim for retaliation against Defendant J. Gonzalez arising out of an incident in July 11, 2012.

In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action. If Plaintiff does not do so and his amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

///

///

**B.     Legal Standards**

   **1.     Supervisory Liability**

To the extent Plaintiff seeks to hold Defendants Gipson, Cavazos, Davis, and Lozano (or any other defendant) liable based upon their supervisory positions, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has not alleged that these Defendants knew of the alleged violations before they occurred and failed to act to prevent them. Plaintiff also has not alleged that these Defendants participated in or directed the violations.

   **2.     Claims Arising from Inmate Appeals**

Certain of Plaintiff's claims arise from Defendants' involvement in the inmate appeals process. Plaintiff cannot pursue any claims against staff relating to their involvement in the administrative review of his inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 129 S.Ct. at 1949; Jones, 297 F.3d at 934, and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on a grievance, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

///

### 3. Eighth Amendment – Excessive Force

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 320, 106 S.Ct. 1078, 1085(312), 89 L.Ed.2d 251.

"The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Hudson, 503 U.S. at 8, 112 S.Ct. at 1000 (internal quotation marks and citations omitted). A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178, 175 L.Ed.2d 995 (2010).  However, "[n]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9, 112 S.Ct. at 1000).  Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." Whitley, 475 U.S. at 321, 106 S.Ct. at 1085; Marquez v. Gutierrez, 322 F.3d 689, 692 (9th Cir. 2003).

<u>Defendant De La Cruz</u>

Plaintiff alleges that Defendant De La Cruz forcefully grabbed Plaintiff and shoved him into a chair.  "An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." Wilkins, 559 U.S. at 38.  Plaintiff's allegations are not sufficient to state a cognizable excessive force claim against Defendant De La Cruz.

<u>Defendants Meier, Casas, Childress, Adams, Ford</u>

Plaintiff alleges that Defendant Meier snatched Plaintiff out of his cell and slammed him onto the top tier rail.  Defendant Casas then jumped on Plaintiff's back while Defendant Childress bent Plaintiff's arm behind him.  Defendants Ford then yelled, "Beat his ass."  After

the supervisor ordered staff to take Plaintiff outside, Defendants Adams and Childress slammed Plaintiff face fist into the wall and started punching him in the ribs. Plaintiff was later taken to the hospital. At the pleading stage, the Court finds that Plaintiff has stated a cognizable excessive force claim against Defendants Adams and Childress. However, he has not stated a cognizable claim against Defendants Meier, Casas, and Ford. Plaintiff's complaint fails to provide sufficient facts for the Court to determine whether the initial use of force was applied in a good-faith effort to maintain or restore discipline.

Although Plaintiff has stated a cognizable excessive force claim against Defendants Adams and Childress, his complaint violates the rules regarding joinder of claims. Therefore, Plaintiff may not pursue different claims against different defendants regarding different events in a single action. Plaintiff will be given leave to cure this deficiency.

### 4. Verbal Threats

To the extent Plaintiff complains of the verbal threats by various defendants, including Defendants De La Cruz, Guizar, Woodward, Benson, Ford, Rasley, Childress, Casas, Adams, Marsh, Lazano, Longoria, Flores, Chalander, Arnett, and Gonzalez this is not sufficient to state a cognizable section 1983 claim. Mere verbal harassment or abuse does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987). Threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987).

### 5. Eighth Amendment - Sexual Assault

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012); see also Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000) ("In the simplest and most absolute of terms ... prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse ....").

At the pleading stage, Plaintiff has stated a claim for violation of the Eighth Amendment against Defendant R. Zamaro for sexual abuse/harassment. However, as noted throughout, Plaintiff's complaint fails to comply with the rules regarding joinder of claims.

///

### 6. Eighth Amendment - Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

At the pleading stage, Plaintiff has stated a cognizable Eighth Amendment claim against Defendants Weatherford, R. Perez, and Miles for failure to protect him from sexual abuse/harassment.  However, Plaintiff's complaint violates the rules of joinder and he may not pursue unrelated legal claims against different defendants in a single action.

### 7. Eighth Amendment – Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018.  "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837.

At the pleading stage, Plaintiff has failed to state a deliberate indifference claim against Defendant Bertram arising out of his complaints of chest and back pain.  Plaintiff has not alleged

sufficient facts to demonstrate a serious medical need or that Defendant Bertram was deliberately indifferent to such a need.

### 8. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech and to petition the government may support a civil rights claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985); see also Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

In order to state a claim, a plaintiff must allege specific facts demonstrating that a defendant took an adverse act because of plaintiff's First Amendment activity. The plaintiff's protected conduct must have been "the 'substantial' or 'motivating' factor behind the defendant's conduct." Brodheim, 584 F.3d at 1271, quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The adverse action must not have reasonably advanced a legitimate correctional goal.

Defendants Southard and Torres

Plaintiff's allegations against Defendants Southard and Torres are conclusory and fail to state a cognizable retaliation claim.

Defendant Woodward

Liberally construed, Plaintiff's allegations state a cognizable retaliation claim against Defendant Woodward based on the ransacking of Plaintiff's cell and destruction of property. However, Plaintiff's complaint violates the rule regarding joinder of claims.

### 9. Conspiracy

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th

13

Cir.2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir.1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir.2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir.1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff has asserted that Defendants Gonzalez, Casas, Henry, Love, Jarvis, Jackson and Rasley conspired to cover up misconduct. Plaintiff's allegations are not sufficient to state a cognizable claim regarding an agreement or meeting of the minds.

### 10. Due Process – False Disciplinary Reports

Plaintiff appears to allege his rights were violated by false reports. An inmate can state a cognizable claim arising from a false disciplinary report if the false report was done in retaliation for the exercise of his constitutional rights or if the inmate was not afforded procedural due process in connection with the resulting disciplinary proceedings as provided in Wolff v. McDonnell, 418 U.S. 539, 563–70, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1874). See Hines v. Gomez, 108 F.3d 265, 267 (9th Cir.1997) (retaliation); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) (finding that an allegation that a prison guard planted false evidence which implicated an inmate in a disciplinary infraction failed to state a claim for which relief can be granted where procedural due process protections are provided); Brown v. Leyva, 2009 WL 129879, *3 (E.D.Cal. Jan. 20, 2009) (prisoner failed to state cognizable due process or retaliation claim based on allegedly false charges and reports); Rodgers v. Reynaga, 2009 WL 62130, *2 (E.D.Cal.Jan.8, 2009) (inmate's allegations that defendants conspired to fabricate a false criminal offense that resulted in his re-housing in administrative segregation failed to state a cognizable retaliation or due process claim).

At the pleading stage, and liberally construed, Plaintiff states a cognizable retaliation claim against Defendants Cruz, Scaife, D. Perez and Arnett related to false disciplinary reports, but he has failed to assert sufficient allegations against Defendant Rasley, Wyman and Ryder to support a retaliation claim based on a false rules violation report or the pendency of such a

report. Plaintiff also has failed to state a cognizable claim arising out of false disciplinary reports against Defendants Critchlow, Jennings and Gamboa.

### 11. Access to Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412–15, 122 S.Ct. 2179, 2185–87, 153 L.Ed.2d 413 (2002). A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." Lewis, 518 U.S. at 349–50. The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 353. The Supreme Court rejected the notion that the state must enable a prisoner to "litigate effectively once in court." Id. at 354 (quoting and disclaiming language contained in Bounds v. Smith, 430 U.S. 817, 825–26, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)); see also Cornett v. Donovan, 51 F.3d 894, 898–900 (9th Cir.1995) (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus).

Plaintiff's allegations regarding the denial of access to the courts are conclusory and do not support a constitutional claim.

### 12. Property Loss

Plaintiff appears to complain about property that was lost or destroyed in retaliation for Plaintiff's grievances. While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.1984).

To the extent Plaintiff claims that his legal property was intentionally lost or destroyed as a form of retaliation, this is an unauthorized, intentional deprivation. Due Process is therefore satisfied if there is a meaningful post-deprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir.1994) (citing Cal. Gov't Code §§ 810–895). Accordingly, Plaintiff has failed to state a cognizable claim for the alleged deprivation of his property.

### 13. False Imprisonment

Plaintiff alleges that he was falsely imprisoned by his detention in administrative segregation. To state a claim for false imprisonment, a plaintiff must allege he was restrained by another without proper authority, and the restraint was completely unlawful and without authority. See Collins v. County of Los Angeles, 241 Cal.App.2d 451, 459–60, 50 Cal.Rptr. 586 (Cal.App. 1966); Singleton v. Perry, 289 P.2d 794, 45 Cal.2d 489 (Cal. 1955). Plaintiff is not challenging the legality of his incarceration in state prison. As such, he cannot state a false imprisonment claim even if he was wrongfully housed in administrative segregation for a period of time.

### IV. **Conclusion and Order**

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and 18. As noted above, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to comply with Federal Rules of Civil Procedure 8 and 18;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and
4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **December 8, 2014**              /s/ *Barbara A. McAuliffe*  
                                            UNITED STATES MAGISTRATE JUDGE