1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK JOSE MOORE, | ) 1:13-cv-01820-BAM (PC) |
| Plaintiff, | ) |
| | ) SCREENING ORDER DISMISSING FIRST |
| | ) AMENDED COMPLAINT AND |
| v. | ) GRANTING LEAVE TO AMEND |
| | ) (ECF No. 15) |
| CONNIE GIPSON, et al., | ) |
| | ) |
| Defendants. | ) THIRTY-DAY DEADLINE |
| | ) |
| | ) |

**I.      Screening Requirement and Standard**

Plaintiff Merrick Jose Moore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On December 8, 2014, the Court dismissed Plaintiff's complaint with leave to amend.  (ECF No. 12.)  Plaintiff's first amended complaint, filed on January 5, 2015, is currently before the Court for screening.  (ECF No. 15.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

II.   **Plaintiff's Allegations**

Plaintiff is currently incarcerated at High Desert State Prison.  The events alleged in the complaint occurred while Plaintiff was housed at Corcoran State Prison.  Plaintiff names the following defendants:  (1) A. Casas, Correctional Officer; (2) G. Meier, Correctional Officer; (3) L. Ford, Correctional Officer; (4) R. Childress, Correctional Officer; (5) T. L. Adams, Correctional Officer; (6) D. Thornburg, Correctional Sergeant; (7) T. Marsh, Correctional Lieutenant; (8) M. T. Cisneros, Correctional Captain; (9) R. Zamora, Correctional Officer; (10) K. Weatherford, Correctional Lieutenant; (11) R. Miles, Correctional Sergeant; (12) D. Woodward, Correctional Sergeant; (13) M. Geston, Correctional Officer; (14) A. Cruz, Correctional Lieutenant; (15) A. Scaife, Correctional Officer; (16) D. Ryder, Correctional Counselor II; (17) W. Rasley, Correctional Sergeant; (18) C. Love, Correctional Sergeant; (19) J.

2

Gonzalez, Correctional Sergeant; (20) R. Perez, Correctional Officer; (21) H. Lazano, Correctional Officer; (22) J. Torres, Correctional Counselor; and (23) J. Arnett, Correctional Sergeant.

Claim 1 – Excessive Force in violation of Eighth Amendment

In Claim 1, Plaintiff alleges as follows: On February 15, 2013, Defendant Ford was working in the tower after being previously removed from her position as a result of Plaintiff's grievance and complaints to her superior, Defendant Weatherford, for refusing to let Plaintiff out to work. During shower program, Defendant Ford falsely claimed that Plaintiff was in his cell, fully-clothed, masturbating. Defendant Ford also claimed that she ordered Plaintiff to stop, opened his cell door, and instructed him to put on some clothes and report to the office. Plaintiff alleges that this is a fabricated account.

Plaintiff further alleges that while in his cell, he was at the door talking to the morning porter, who was cleaning the C section shower when the door opened. Plaintiff was told by Defendant Ford to come to the office. Plaintiff exited and reported to the office. Once there, Plaintiff asked Correctional Officer Campos why he was called to the office. Officer Campos said he did not know, but Defendant Ford said to put Plaintiff in the C section shower. Plaintiff requested to speak with her supervisor and Officer Campos told Plaintiff to get his state blues. Once up the stairs, Plaintiff entered his cell. Shortly thereafter, Defendants Casas, Meier, Childress, Adams, and Thornburg entered the building. Defendants Casas, Meier, Childress and Adams ran up to the cell. Defendant Ford opened the door, yelling "get that mother fucka." (ECF No. 15, p. 7.) Defendant Meier snatched Plaintiff out of the cell and slammed him on the top tier railing. Defendant Casas jumped on Plaintiff's back as Defendant Childress bent Plaintiff's arm back, causing him to scream in pain. Defendant Ford yelled from the tower to beat Plaintiff's ass. Defendant Meier tried to kick Plaintiff's feet out from underneath him.

Defendant Thornburg stood at the bottom of 'B' section stairs while the assault took place. Defendant Thornburg then ordered Defendants Casas, Meier, Childress, and Adams to take Plaintiff outside. During this time, other inmates were saying stop assaulting him.

Defendant Casas placed handcuffs on Plaintiff's wrist so tight that his hand lost circulation.  Plaintiff was dragged down the stairwell by Defendants Adams and Childress and taken into the rotunda area.  Defendants Adams and Childress slammed Plaintiff face first into the wall and began punching Plaintiff in the ribs.

Plaintiff was taken to the program office and placed in a holding cell.  Plaintiff's hands began to swell up.  Defendants Cisneros and Marsh came into the holding cage area and looked at Plaintiff's face and hands.  Plaintiff reported that their staff had assaulted him and he would like his injuries recorded.  About two hours later, Plaintiff was taken to the hospital, where x-rays were taken of his hand and a medical evaluation was conducted.

On February 17, 2013, Plaintiff's psychologist decided it would be best to send Plaintiff out of Corcoran for his own protection.  Plaintiff was sent to San Quentin, where he remained until March 1, 2013.

Claim 2 – Sexual Assault in Violation of the Eighth Amendment

In Claim 2, Plaintiff alleges:  On July 29, 2012, while Plaintiff was standing in line for the chapel, Defendants Zamora, Perez and Weatherford were outside the chapel conducting body searches.  When Plaintiff was searched, Defendant Zamora stepped behind him and began checking his pockets.  Defendant Zamora then moved closer, placed his genitals against Plaintiff's buttocks and began grinding and moaning.  Plaintiff attempted to separate himself from Defendant Zamora, who grabbed Plaintiff by his collar and told him not to try to get away.  Plaintiff turned to Defendant Zamora's supervisor, Defendant Weatherford, and asked him if he was going to let his staff disrespect Plaintiff in a foul manner.  Defendant Weatherford denied seeing anything.  Plaintiff advised Defendant Weatherford that he would be filing a complaint against Defendant Zamora.

On July 30, 2012, Plaintiff asked Defendant Perez if he could see Defendant Weatherford.  When asked why, Plaintiff told Defendant Perez about the touching incident and then Defendant Perez said no.

On July 31, 2012, Plaintiff was summoned to the 3A Facility Program Office.  When Plaintiff entered the office, Defendants Weatherford, Miles, Perez, and Zamora were in the office

4

taunting Plaintiff and making catcalls.  Plaintiff was lead to J. Torres' office where ISU Officers D. Woodward and M. Geston were waiting.  Once inside, Defendants Geston and Woodward told Plaintiff that if he chose to pursue an issue against Defendant Zamora, then he could look forward to cell searches and validation.  Plaintiff was not ready for that type of pressure, but reiterated that Defendant Zamora sexually assaulted him.  The interview was then concluded.

On August 1, 2012, Plaintiff was called to work exchange.  Plaintiff was searched and taken to the ISU office.  Once there, two internal affairs officers interviewed Plaintiff and he told them what happened on July 29, 2012.  While Plaintiff was being interviewed, Defendant Woodward was tearing up Plaintiff's cell.  Before Plaintiff returned to his cell, he could see his cellmate, M. Thompson, sitting at the table in the day room.  Plaintiff asked him what was going on.  Plaintiff's cellmate said that Defendant Woodward was searching the cell as a result of Plaintiff filing a complaint against Defendant Zamora.  Defendant Woodward concentrated this search on Plaintiff's property, breaking Plaintiff's CD player.  Defendant Woodward subsequently told Defendant Grimsley and Torres that Plaintiff messed with the wrong one.

Claim 3 – Retaliation in Violation of the First Amendment

In Claim 3, Plaintiff alleges:  On February 15, 2013, Defendant Ford, with whom Plaintiff had a prior conflict, authored a fabricated Rules Violation Report (RVR) that resulted in Plaintiff being assaulted.  Plaintiff was sent to Administrative Segregation on March 1, 2013.  Plaintiff was given 90-days loss of credit and a 90-day SHU term by the Institutional Classification Committee.  The committee was chaired by Defendant Ryder, who recommended that Plaintiff be retained pending transfer.  When asked why he was being retained, Defendant Ryder stated that they did not want him at the present institution.

On March 7, 2013, Plaintiff was given a copy of the RVR, which exceeded the fifteen-day requirement.  Plaintiff informed Defendant Cisneros of the fabricated RVR and her response was to appeal it.

On April 11, 2013, Defendant Scaife, the assigned investigative employee, appeared at Plaintiff's cell door.  Defendant Scaife was kicking the door and proclaiming that he had told Plaintiff they would get him.  As a result of the comment, Plaintiff exercised his right not to

accept her as his investigative employee.  Defendant Scaife reportedly stated, "We gone find you guilty any way, this Corcoran."  (ECF No. 15, p. 10.)

On April 15, 2013, Defendant Perez showed up at Plaintiff's cell and stated that he was the new investigative employee.  Plaintiff asserted that he wanted to call witnesses to his hearing.  Defendant Perez asked why since they were going to find him guilty.  Because of the comment, Plaintiff asked if it would be better to have a different investigator.  Defendant Perez agreed and left the door.

On April 19, 2013, Defendant Arnett came to Plaintiff's cell and informed Plaintiff that he would be attending a disciplinary hearing later in the day.  Plaintiff asked why his witness list and questions were not in the packet.  Defendant Arnett reportedly stated, "I threw them away." (ECF No. 15, p. 10.)  Later that day, Plaintiff attended the disciplinary hearing.  He verbally informed Defendant Cruz that his rights were being violated and the RVR was past the time constraints.  Plaintiff also informed Defendant Cruz of the right to have witnesses present at the hearing.  Defendant Cruz reportedly stated, "Maybe next time you won't write up my staff." (ECF No. 15, p. 11.)  Defendant Cruz found Plaintiff guilty of the fabricated RVR.

<u>Claim 4 – Violation of Due Process; Retaliation in Violation of First Amendment</u>

In Claim 4, Plaintiff alleges:  On May 30, 2013, Plaintiff was taken to committee, which was chaired by Defendant D. Ryder.  Plaintiff was placed for transfer to Lancaster Level IV.

On June 30, 2013, upon completion of Plaintiff's SHU term, Defendants Ryder and Rasley conspired to retain Plaintiff in administrative segregation and deny his transfer.  According to Plaintiff, Defendant Rasley authored a false RVR on July 13, 2013, shortly before Plaintiff's transfer to Lancaster.  Defendant Rasley claimed that Plaintiff has refused to accept a cellmate.  On July 25, 2013, the RVR was voided.  Despite knowing this, Defendant Ryder informed the committee on August 6, 2013, that the RVR was still pending.  This caused the committee to rescind the transfer.  Once the transfer was rescinded, Defendant Ryder began to fabricate documents that the RVR was still pending.  Plaintiff sent several requests for interview to Captain Cisneros and Deputy Warden Jennings informing them of the illegal retention.

Plaintiff claims that Defendant Ryder intercepted the communications and responded to the requests.

Defendant Ryder took Plaintiff back to committee on October 3, 2013.  It again was recommended that Plaintiff transfer to Lancaster Level IV General Population.  Defendant Ryder vowed to send Plaintiff to High Desert State Prison.

On November 18, 2013, Plaintiff sought a status report on his transfer from R. Chavez.

On November 25, 2015, V. Martinez responded and stated that Plaintiff was not yet endorsed.

On December 6, 2013, Plaintiff was adversely endorsed to High Desert State Prison, which is a more restrictive institution.

On December 12, 2013, Plaintiff filed a grievance on the endorsement.  Twelve days later, Plaintiff was sent to High Desert State Prison.

### III.    Deficiencies of Complaint

As with his original complaint, Plaintiff's first amended complaint fails to comply with Federal Rules of Civil Procedure 8 and 18.  Plaintiff will be granted a final opportunity to amend his complaint.  To assist Plaintiff, the Court provides the pleading and legal standards that appear applicable to his claims.  Plaintiff should amend only those claims that he believes, in good faith, are cognizable in this action and comply with joinder requirements.

### A.    Pleading Standards

#### 1.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Although Plaintiff provides a short statement, it is not plain and it does not set forth sufficient factual matter.  Plaintiff's complaint is filled with conclusory statements, such as assertions of conspiracy or purported knowledge of grievances, which do not provide specific factual information to permit the Court to determine if Plaintiff has stated a plausible claim for relief against the individually named defendants.  If Plaintiff elects to amend his complaint, he must set forth specific factual allegations against each defendant.

### 2.   Federal Rule of Civil Procedure 18

Plaintiff is raising numerous claims based on different events against different defendants.  Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not assert multiple claims against unrelated defendants in this action.  That the defendants all work at the same facility is not sufficient to support joinder of claims.  Indeed, Plaintiff may not bring a single action for every unrelated incident occurring while he was housed at Corcoran State Prison.  For example, Plaintiff may not pursue an excessive force claim arising out of an incident in February 2013 while simultaneously pursuing a claim for retaliation for events in 2012.

In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action.  If Plaintiff does not do so and his amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

///

### 3.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff fails to link Defendants Love and Gonzalez to any of his claims.  If Plaintiff elects to amend his complaint, he must allege what each individual defendant did or did not do that resulted in a violation of his constitutional rights.

### B.   Legal Standards

### 1.   Eighth Amendment – Excessive Force

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 320, 106 S.Ct. 1078, 1085(312), 89 L.Ed.2d 251.

"The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Hudson, 503 U.S. at 8, 112 S.Ct. at 1000 (internal quotation marks and citations omitted). A prison official's use of force to maliciously

and sadistically cause harm violates the contemporary standards of decency. <u>Wilkins v. Gaddy</u>, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178, 175 L.Ed.2d 995 (2010). However, "[n]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action." <u>Wilkins</u>, 559 U.S. at 37 (quoting <u>Hudson</u>, 503 U.S. at 9, 112 S.Ct. at 1000). Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." <u>Whitley</u>, 475 U.S. at 321, 106 S.Ct. at 1085; <u>Marquez v. Gutierrez</u>, 322 F.3d 689, 692 (9th Cir. 2003).

In Claim 1, the Court finds that Plaintiff has stated a cognizable excessive force claim against Defendants Meier, Casas, Childress and Adams. Plaintiff also has stated a cognizable excessive force claim arising from the same incident against Defendants Ford and Thornburg arising from their failure to intervene. <u>See</u>, <u>e.g.</u>, <u>Lolli v. County of Orange</u>, 351 F.3d 410, 418 (9th Cir. 2003); <u>Briones v. Fauenhein</u>, 2015 WL 966217, *3 (E.D. Cal. Mar. 4, 2015).

Although Plaintiff has stated a cognizable excessive force claim against these defendants, his complaint violates the rules regarding joinder of claims. Therefore, Plaintiff may not pursue Claim 1 regarding excessive force while simultaneously pursuing different claims involving different events in the same action. Plaintiff will be given a final opportunity to cure this deficiency.

## 2. First Amendment – Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech and to petition the government may support a civil rights claim. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir.1985); <u>see also</u> <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir.1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567–68 (9th Cir. 2005); <u>accord</u> <u>Watison v. Carter</u>, 668 F.3d 1108, 1114-15 (9th Cir. 2012); <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009).

1   In order to state a claim, a plaintiff must allege specific facts demonstrating that a

2   defendant took an adverse act because of plaintiff's First Amendment activity. The plaintiff's

3   protected conduct must have been "the 'substantial' or 'motivating' factor behind the defendant's

4   conduct." <u>Brodheim</u>, 584 F.3d at 1271, quoting <u>Soranno's Gasco, Inc. v. Morgan</u>, 874 F.2d 1310,

5   1314 (9th Cir. 1989).  The adverse action must not have reasonably advanced a legitimate

6   correctional goal.

7          In Claim 1, Plaintiff claims that Defendants used excessive force in retaliation for

8   protected conduct.  However, Plaintiff's allegations are, at best, conclusions.  Plaintiff's

9   assertions are not sufficient to establish that the alleged use of excessive force was *because of*

10  any protected conduct.  In other words, there is no indication that Plaintiff's protected conduct

11  was the substantial or motivating factor.

12         In Claim 4, Plaintiff states a cognizable claim against Defendant Ryder related to his

13  false assertions regarding a pending RVR.  However, as noted throughout this order, Plaintiff's

14  claim against Defendant Ryder does not comply with joinder requirements.

15                    **3.  Eighth Amendment - Sexual Assault**

16         "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the

17  Eighth Amendment." <u>Wood v. Beauclair</u>, 692 F.3d 1041, 1046 (9th Cir. 2012); <u>see also</u> <u>Schwenk</u>

18  <u>v. Hartford</u>, 204 F.3d 1187, 1197 (9th Cir. 2000) ("In the simplest and most absolute of terms ...

19  prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse ....").

20         In Claim 3, Plaintiff has stated a claim for violation of the Eighth Amendment against

21  Defendant R. Zamora for sexual abuse/harassment.  However, as noted above, Plaintiff's

22  complaint fails to comply with the rules regarding joinder of claims.  In other words, Plaintiff

23  may not pursue his claim against Defendant Zamora while simultaneously pursuing claims

24  against other defendants arising out of separate and discrete incidents.  Plaintiff must choose

25  which claims he seeks to pursue in this action.

26  ///

27  ///

28  ///

### 4.  **Heck** Bar

In Claim 3, Plaintiff alleges that Defendant Ford authored a fabricated RVR, which resulted in an adverse disciplinary finding and loss of good-time credits.  Plaintiff also asserts that he was denied various due process protections related to the disciplinary hearing.

A section 1983 claim challenging the disciplinary proceedings is barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). A state prisoner's section 1983 claim is not cognizable if success on the claim would necessary imply the invalidity of his sentence. Heck, 512 U.S. at 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383.  Further, a prisoner's section 1983 challenge to disciplinary hearing procedures is barred if a judgment in his favor would necessarily imply the invalidity of the resulting loss of good-time credits. Edwards, 520 U.S. at 646, 117 S.Ct. 1584, 137 L.Ed.2d 906.  Here, a decision in Plaintiff's favor would necessarily imply the invalidity of his guilty finding and the loss of his good-time credits.  Plaintiff alleges that he lost good time credits based on false information and defective procedures, thus success on his claim would necessarily imply the invalidity of the disciplinary sanction.  Thus, Plaintiff may not purse his claims challenging the false RVR and disciplinary proceedings alleged in Claim 3.

### 5.  **Conspiracy**

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir.2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir.1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff has asserted that Defendants Ryder and Rasley conspired to retain Plaintiff in administrative segregation and deny him a transfer.  Plaintiff's allegations are not sufficient to state a cognizable claim regarding an agreement or meeting of the minds.

### IV.    Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and 18.  As noted above, the Court will provide Plaintiff with a final opportunity to file an amended complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  In compliance with Rule 18, Plaintiff must choose which claims he seeks to pursue in this matter that do not violate joinder requirements.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.       The Clerk's Office shall send Plaintiff a complaint form;

2.       Plaintiff's complaint is dismissed for failure to comply with Federal Rules of Civil Procedure 8 and 18;

3.       Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and

///

///

4.  <u>If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **June 26, 2015**                    /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE