UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK JOSE MOORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CONNIE GIPSON, et al.,<br><br>　　　　　Defendants. | 1:13-cv-01820-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 28) |

　　　　Plaintiff Merrick Jose Moore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's motion for the appointment of counsel filed on March 6, 2017.  In support of his motion, Plaintiff explains that he had an informal agreement that counsel in another case would work with him on the present case.  However, counsel has informed Plaintiff that it is necessary to withdraw from the informal agreement.  Plaintiff now requests that counsel be appointed by the Court.  Plaintiff believes that his action is meritorious, and argues that imprisonment will hinder his ability to litigate, that the issues involved are complex and that counsel would better enable him to present evidence and cross-examine witnesses.  Plaintiff also mentions that he is a participant in the CDCR Mental Health Program, currently classified as CCCMS.  (ECF No. 28).

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

1

Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff has not identified any circumstances warranting appointment of counsel. While Plaintiff mentions his participation in the CDCR Mental Health Program, he has not provided any evidence demonstrating that this participation hampers his ability to prosecute the action. Moreover, even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily from indigent prisoners proceeding without representation. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although Plaintiff has asserted cognizable claims, this is not equivalent to a determination that he is likely to succeed on the merits. Additionally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

For these reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.
IT IS SO ORDERED.

Dated: **March 8, 2017**             /s/ Barbara A. McAuliffe _
                                    UNITED STATES MAGISTRATE JUDGE