# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK JOSE MOORE,<br><br>             Plaintiff,<br><br>    v.<br><br>CONNIE GIPSON, et al.,<br><br>             Defendants. | Case No.  1:13-cv-01820-DAD-BAM (PC)<br><br>FINDINGS & RECOMMENDATIONS RECOMMENDING DENIAL OF MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER<br><br>(ECF Nos. 29, 35)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Merrick Jose Moore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.  This action proceeds on Plaintiff's claims under the Eighth Amendment against Defendants Meier, Casas, Childress, and Adams for excessive force, and against Defendants Ford and Thornburg for failure to intervene, for an incident occurring on February 15, 2013 at Corcoran State Prison.  (ECF No. 19.)

## I.    Background

On March 3, 2017, Plaintiff filed an informal motion for counsel and a motion for a preliminary injunction and a temporary restraining order, which also contains a request for appointed counsel.  (ECF Nos. 28, 29.)  The separate motion to appoint counsel was denied on March 9, 2017.  (ECF No. 31.)

In his motion for preliminary injunction, Plaintiff states that he was transferred from Kern Valley State Prison back to Corcoran State Prison on December 22, 2016.  Plaintiff then details events occurring between December 22, 2016 and February 21, 2017, involving Defendants Casas and Childress, in addition to other correctional officers who are not parties to this action.

1

Plaintiff's allegations include that he was denied law library access, was falsely accused of refusing to attend a medical examination, had property confiscated, was yelled at, and other allegations. Plaintiff submitted grievances about some of these alleged incidents. Plaintiff argues that these incidents demonstrate that Defendants Casas and Childress "conspired" with other correctional officers to retaliate, harass, and intimidate Plaintiff into dropping the instant action and various administrative grievances he filed during this time period. (ECF No. 29, pp. 3–7.)

Plaintiff requests that the Court order the following relief: (1) direct the CDCR to enforce its zero tolerance regarding the code of silence policy on Defendants and all other agents, employees, and persons acting in concert with them who have threatened, harassed, and subjected Plaintiff to reprisals for legal activity; (2) transfer Plaintiff from Corcoran State Prison to Kern Valley State Prison; (3) prohibit Defendants and all other agents, employees, and persons in concert with them from threatening, harassing, intimidating, or conspiring to commit crimes against persons advocating or coming forward on Plaintiff's behalf to report malfeasance; (4) hold an evidentiary hearing on the issues raised by the request for injunctive relief and appoint of counsel to represent Plaintiff at the hearing; and (5) all other relief the Court deems just and proper. (Id., pp. 9–10.)

On March 31, 2017, Plaintiff filed a notice of change of address stating that he was transferred to North Kern State Prison on March 15, 2017, and then to Salinas Valley State Prison on March 16, 2017. (ECF Nos. 34, 35.)

On April 12, 2017, the Court received a declaration reportedly from Plaintiff's cousin, Carmi Johnson, who is not a party to this action. Ms. Johnson also attached sixteen pages of exhibits. (ECF No. 36.)[1]

Defendants filed an Answer on March 7, 2017, one day after Plaintiff filed the instant motion. (ECF No. 30.) As the deadline for Defendants' opposition has passed, and the Court finds that a response is not necessary, the motion is deemed submitted. Local Rule 230(l).

---

[1] As Ms. Johnson is not a party to this action, the declaration and attached exhibits are not properly before the Court. Fed. R. Civ. P. 11(a); Local Rule 131(b). Nevertheless, in an abundance of caution, the Court has reviewed the materials in reference to Plaintiff's motion for preliminary injunction and temporary restraining order, and they do not change the Court's recommendation.

2

## II.     Legal Standard

The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction, Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001), and "[a] preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

## III.     Discussion

Plaintiff brings suit against Defendants Meier, Casas, Childress, and Adams for excessive force, and against Defendants Ford and Thornburg for failure to intervene, for events occurring

on February 15, 2013.  (ECF No. 19.)  In the instant motion, Plaintiff seeks relief in connection with events occurring between December 22, 2016 and February 21, 2017, after the events alleged in his complaint.  (ECF No. 29, pp. 3–7.)  Thus, the case or controversy requirement cannot be met here, because the alleged retaliation Plaintiff seeks to remedy in his motion bears no relation, jurisdictionally, to the past events giving rise to this suit.  Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); see also Summers, 555 U.S. at 491–92; Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102–04 (1998).  The conduct complained of in this motion concerns events outside of those alleged in his complaint.  Because the case or controversy requirement cannot be met, the pendency of this action provides no basis upon which to award Plaintiff injunctive relief.  Id.

Furthermore, the Court does not have the authority to compel Plaintiff's transfer from Corcoran State Prison to Kern Valley State Prison or any other institution.  (ECF No. 29, p. 10.)  Convicted prisoners have no reasonable expectation that they will remain in any particular facility, and prison officials have broad authority to transfer prisoners from one facility to another.  See Meachum v. Fano, 427 U.S. 215 (1976); Montanye v. Haymes, 427 U.S. 236 (1976).  "[A] prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, indeed, even to a prison in another state, without offending the Constitution."  Bravo v. Hewchuck, 2006 WL 3618023, *1 (N.D. Cal. 2006) (citations omitted).  Also, according to Plaintiff's notice of change of address, he was transferred from Corcoran State Prison to North Kern State Prison on March 15, 2017, and was transferred to Salinas Valley State Prison on March 16, 2017.  (ECF Nos. 33, 34.)  Thus, Plaintiff's requests related to his transfer and retaliation by Defendants are now moot based on his transfer to Salinas Valley State Prison.  See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991) (per curiam) (stating that transfer to another prison renders request for injunctive relief concerning prison conditions moot absent some evidence of an expectation of being transferred back).

Plaintiff also seeks injunctive relief against persons who are not parties to this action, namely the California Department of Corrections and Rehabilitation and "all other agents

employees and persons acting in concert with [Defendants]." (ECF No. 29, pp. 9–10.) Plaintiff may not enjoin unnamed individuals not before the Court. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. U.S. Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985).

Finally, the Court recommends that Plaintiff's request for an evidentiary hearing and for the appointment of counsel to represent him at the hearing is denied, in light of the findings explained above.

## IV.    Conclusion

Having considered Plaintiff's moving papers and supporting declaration and exhibits, IT IS HEREBY RECOMMENDED that Plaintiff's request for preliminary injunction and temporary restraining order be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   __April 19, 2017__                    ___/s/ Barbara A. McAuliffe___
                                               UNITED STATES MAGISTRATE JUDGE

5