UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK JOSE MOORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. CASAS et al.,<br><br>　　　　Defendants. | No. 1:13-cv-01820-DAD-BAM<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER</u><br><br>(Doc. Nos. 29, 37) |

Plaintiff Merrick Jose Moore is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This matter comes before the court on plaintiff's motion for a preliminary injunction and temporary restraining order. (Doc. No. 29.)

On April 19, 2017, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for preliminary injunction and temporary restraining order be denied. (Doc. No. 37.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.*) After being granted an extension, plaintiff timely filed objections on May 19, 2017. (Doc. No. 40.)

/////

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In his objections, plaintiff contends that he clearly established a "conspiracy to retaliate" between the defendants. Plaintiff argues that the court has jurisdiction over the subject matter and parties because the acts committed against him took place at Corcoran State Prison, and because the court has personal jurisdiction over defendants in the instant case. Plaintiff further argues that had the court granted his request to hold an evidentiary hearing, he could have presented evidence demonstrating a likelihood of success on the merits, explained how the equities tip in his favor, and compelled counsel to produce documents compiled by plaintiff. (Doc. No. 40.) An evidentiary hearing, however, is not appropriate here because plaintiff has made no showing that the alleged retaliation is related to the events giving rise to this lawsuit. In addition, the court may not enjoin persons or entities who are not parties to this action. Thus, the magistrate judge properly denied plaintiff's request for injunctive relief. Plaintiff's remaining argument concerning the illegality of prison officials threatening, harming, or assaulting witnesses in federal litigation is unpersuasive. To the extent plaintiff seeks to bring new claims for retaliation, the appropriate remedy is the filing of a new action, not a motion for a preliminary injunction in this case.

Accordingly,

1. The April 19, 2017 findings and recommendations (Doc. No. 37) are adopted in full; and

2. Plaintiff's motion for a preliminary injunction and temporary restraining order (Doc. No. 29) is denied.

IT IS SO ORDERED.

Dated: **July 12, 2017**

UNITED STATES DISTRICT JUDGE

2