# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK JOSE MOORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CONNIE GIPSON, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-01820-DAD-BAM (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Merrick Jose Moore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 7.)

On November 8, 2016, the Court screened Plaintiff's second amended complaint and found that he stated a cognizable claim for excessive force against Defendants Meier, Casas, Childress, and Adams, and against Defendants Ford and Thornburg for failure to intervene. The Court dismissed all other claims and defendants from this action. (ECF No. 21.) This case has proceeded on Plaintiff's excessive force claims against Defendants Meier, Casas, Childress, and Adams, and against failure to intervene claims against Defendants Ford and Thornburg.

**I.　Williams v. King**

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served

1

with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Ninth Circuit held that a Magistrate Judge does not have jurisdiction to dismiss a case during screening even if the plaintiff has consented to Magistrate Judge jurisdiction. Id.

Here, Defendants were not yet served at the time that the Court screened the second amended complaint and therefore had not appeared or consented to Magistrate Judge jurisdiction. Because all Defendants had not consented, the undersigned's dismissal of Plaintiff's claims is invalid under Williams. Because the undersigned nevertheless stands by the analysis in the previous screening order, she will below recommend to the District Judge that the non-cognizable claims be dismissed.[1]

**II.     Findings and Recommendations on Second Amended Complaint**

**A.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken

---

[1] On August 8, 2017, Defendants filed a motion to compel responses to discovery requests. (ECF No. 43.) Briefing on that motion is currently stayed pending a further joint status report from the parties. (ECF Nos. 50, 54.) As discussed herein, these findings and recommendations are based upon a screening of the allegations in Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B), at the time that it was filed. The Court makes no findings on the merits of the pending motion to compel. A separate order will issue on that motion once the stay is lifted and briefing is complete.

as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**B.     Plaintiff's Allegations**

Plaintiff is currently incarcerated at R. J. Donovan Correctional Facility. The events alleged in the complaint occurred while Plaintiff was housed at Corcoran State Prison. Plaintiff names the following defendants: (1) Alicia Casas, Correctional Officer; (2) G. Meier, Correctional Officer; (3) L. Ford, Correctional Officer; (4) R. Childress, Correctional Officer; (5) T. L. Adams, Correctional Officer; (6) D. Thornburg, Correctional Officer; (7) T. Marsh, Correctional Officer; and (8) M. T. Cisneros, Correctional Captain.

Plaintiff alleges as follows: On February 15, 2013, Defendant Ford was working in the tower (after being previously removed from her position as a result of Plaintiff's grievance and complaints to her supervisor, Defendant Weatherford). During the shower program, Plaintiff was engaged in a conversation with one of the porters. At this time, Defendant Ford falsely claimed that Plaintiff was in his cell, fully-clothed, masturbating. Defendant Ford also claimed that she ordered Plaintiff to stop, opened the cell door, and instructed Plaintiff to put on some clothes and report to the office. Plaintiff alleges that this is a fabrication because the shower door was open.

Plaintiff alleges that he was bewildered as to why Defendant Ford told him to report to the office. Plaintiff exited the cell immediately and reported to the office. Once there, Plaintiff asked Correctional Officer Campos why he was called to the office. Officer Campos said he did not

3

know, but Defendant Ford said to put Plaintiff in the C section lower shower because the porter was cleaning the upper shower. Plaintiff requested to speak with her supervisor. Officer Campos then told Plaintiff to return to his living quarters and retrieve his state blues. Once up the stairs, Plaintiff entered his cell and proceeded to put on his state blues. Shortly thereafter, Defendants Casas, Meier, Childress, Adams, and Thornburg entered the building. Defendants Casas, Meier, Childress and Adams ran up to the cell. Once in front of the cell, Defendant Ford opened the automated door. Upon hearing the door open, Plaintiff turned around and heard Defendant Ford yelling "get that mother fucka." (ECF No. 19, p. 3.) Defendant Meier snatched Plaintiff out of the cell and slammed him into the top tier railing. Defendant Casas jumped on Plaintiff's back, causing Plaintiff's chest to hit the second rail, while Defendants Childress and Adams bent Plaintiff's arms back, causing him to scream in pain. Defendant Ford yelled from the tower to beat Plaintiff's ass. Defendant Ford's instigation caused Defendant Meier to repeatedly kick Plaintiff's feet out from underneath him.

      As the alleged beating continued, Defendant Thornburg, the supervisor, stood at the bottom of 'B' section stairs while the assault took place. Defendant Thornburg did not intervene to stop the attack. Instead, Defendant Thornburg ordered Defendants Casas, Meier, Childress, and Adams to take Plaintiff outside.

      While the alleged assault continued, Defendant Casas reportedly began telling Defendants Meier, Childress and Adams that she could not grab Plaintiff's hands as she attempted to place handcuffs on him. Defendants Childress and Adams then pushed Plaintiff's arms upward toward the sky, causing a burning sensation in Plaintiff's shoulder. As Plaintiff screamed, other inmates in the day room yelled to stop assaulting Plaintiff.

      Defendants then held Plaintiff down on the railing while Defendant Casas placed handcuffs on Plaintiff's wrist so tight that his hands lost circulation. Plaintiff was dragged down the tier and stairwell by Defendants Adams and Childress and taken into the rotunda area. Once inside the rotunda, Defendants Adams and Childress slammed Plaintiff face first into the wall and proceeded to punch Plaintiff in the ribs. After several punches, Plaintiff was taken to the program office and placed in a holding cage. Plaintiff's hands began to swell up. Defendants Cisneros

and Marsh entered the holding area and looked at Plaintiff's hands and face. Plaintiff informed them that he was assaulted by their staff and he would like his injuries recorded. About two hours later, Plaintiff was taken to the hospital, where x-rays were taken of his hand and a medical evaluation was conducted.

On February 17, 2013, Plaintiff's psychologist decided it would be best to send Plaintiff out of the institution for his own protection. Plaintiff was sent to San Quentin, where he remained until March 1, 2013.

### C.  Discussion

#### 1.  Eighth Amendment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7 (1992); Whitley v. Albers, 475 U.S. 312, 320 (1986).

"The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Hudson, 503 U.S. at 8 (internal quotation marks and citations omitted). A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010). However, "[n]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9). Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." Whitley, 475 U.S. at 321; Marquez v. Gutierrez, 322 F.3d 689, 692 (9th Cir. 2003).

The Court finds that Plaintiff has stated a cognizable excessive force claim against Defendants Meier, Casas, Childress and Adams. Plaintiff also has stated a cognizable excessive force claim arising from the same incident against Defendants Ford and Thornburg based on their failure to intervene. See, e.g., Lolli v. Cty. of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Briones

5

v. Fauenhein, No. 1:14cv01479 DLB PC, 2015 WL 966217 at *3 (E.D. Cal. Mar. 4, 2015) ("failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene but failed to do so").

The Court further finds that Plaintiff has failed to state a cognizable claim against Defendants Marsh and Cisneros. Plaintiff appears to assert claims against Defendants Marsh and Cisneros based on their supervisory roles. However, as Plaintiff was previously instructed, liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

Plaintiff has alleged no facts indicating that Defendants Marsh or Cisneros participated in or directed the violations or that they knew of the violations and failed to act to prevent them. At best, Plaintiff alleges that Defendants Marsh and Cisneros learned of his injuries after the fact and Plaintiff subsequently was sent to the hospital for evaluation of his injuries. As Plaintiff has been given multiple opportunities to amend his complaint, it does not appear that the deficiencies in the claims against Defendants Marsh and Cisneros can be cured by amendment.

### 2. Injunctive Relief

Plaintiff seeks injunctive relief from defendants. However, Plaintiff is no longer incarcerated at Corcoran State Prison. Instead, he has been transferred to R. J. Donovan Correctional Facility. As a result, his claim for injunctive relief is now moot. See Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan. 25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007).

///

**III.  Conclusion and Order**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's second amended complaint, filed on August 10, 2015, for excessive force in violation of the Eighth Amendment against Defendants Meier, Casas, Childress, and Adams, and against Defendants Ford and Thornburg arising from their failure to intervene; and

2. All other claims and defendants be dismissed from this action, including Defendants Marsh and Cisneros, and Plaintiff's request for injunctive relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 6, 2017**            /s/ Barbara A. McAuliffe            
UNITED STATES MAGISTRATE JUDGE