# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK JOSE MOORE,<br><br>        Plaintiff,<br><br>   v.<br><br>GIPSON, et al,<br><br>        Defendants. | Case No. 1:13-cv-01820-DAD-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL RESPONSES TO DISCOVERY<br><br>(ECF No. 43)<br><br>ORDER DIRECTING PLAINTIFF TO SERVE SUPPLEMENTAL RESPONSES TO DISCOVERY WITHIN **THIRTY (30) DAYS**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Merrick Jose Moore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claims for excessive force against Defendants Meier, Casas, Childress, and Adams, and for failure to intervene against Defendants Ford and Thornburg.

**I.    Background**

On August 8, 2017, Defendants filed a motion to compel pursuant to Federal Rule of Civil Procedure 37(a)(3)(B). (ECF No. 43.) On October 5, 2017, the Court issued an order directing the parties to meet and confer regarding their discovery dispute, and to file a joint statement following the parties' conference. The Court stayed further briefing on Defendants' motion to compel. (ECF No. 48.)

1

The parties' Joint Statement Regarding Meet-and-Confer Conference, filed on October 11, 2017, indicated that Plaintiff's legal property was currently misplaced due to Plaintiff's multiple prison transfers. (ECF No. 49.) Further status reports filed by the parties indicated that due to Plaintiff's recent transfer to the R. J. Donovan Correctional Facility ("RJD"), Plaintiff's property was to be sent via overnight mail on November 9, 2017. (ECF Nos. 51, 53.) Thereafter, Defendants indicated that the litigation coordinator at RJD informed defense counsel that on November 30, 2017, Plaintiff refused to accept his property and became belligerent towards officers. (ECF No. 56.) Plaintiff separately informed the Court that when his property was issued on November 30, 2017, an entire box of property was missing, including his legal files, citation book, federal procedure and practice book, and Black's law dictionary. (ECF No. 57.)

Having considered the representations of the parties, the Court reinstated briefing on the motion to compel. (ECF No. 59.) On January 29, 2018, Plaintiff filed an opposition to the motion to compel. (ECF No. 62.) Defendants filed their reply on February 1, 2018. (ECF No. 63.) The motion is deemed submitted. Local Rule 230(l).

**II.     Defendants' Motion to Compel Responses to Discovery Requests**

On May 4, 2017, Defendants served Plaintiff with Defendant Ford's Interrogatories, Set One, (ECF No. 43-2, Ex. A), and Defendants' Request for Production of Documents, Set One, (id., Ex. B). On June 20, 2017, Plaintiff served responses to Defendant Ford's Interrogatories, Set One, and to Defendants' Request for Production of Documents, Set One. (Id. at Ex. C.) Defendants move to compel further responses to Defendant Ford's Interrogatories, Set One, numbered 2–3 and Defendants' Request for Production of Documents, Set One, number 4. (ECF No. 43.)

In his opposition, Plaintiff continues to assert that he has been unable to gain access to his legal property and is therefore unable to properly respond to Defendants' motion. Plaintiff states that the missing property contains all of his case files regarding this action, including but not limited to orders from the Court, motions submitted by Plaintiff to the Court, discovery motions, declarations from witnesses, deposition hearing, grievance, production of document request, law books, etc. (ECF No. 62, p. 3.)

2

On February 1, 2018, Defendants filed a reply. (ECF No. 63.) Defendants note that Plaintiff's opposition does not specifically address any of the interrogatories or the request for production of documents at issue, and it is unclear what legal property Plaintiff could require to respond to questions that could presumably be answered from memory or after a review of Plaintiff's inmate file. Defendants further state that defense counsel reached out to the litigation coordinators at California Men's Colony and Richard J. Donovan Correctional Facility, and both institutions confirmed that no additional property belonging to Plaintiff was located. (Id.)

### A. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and information within this scope "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable"). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1).

///

///

**B.     Defendant Ford's Interrogatories, Set One, Nos. 2–3**

**Interrogatory No. 2**:

List all injuries you suffered on February 15, 2013, that you allege were a result of any of the Defendants' actions or inactions.  For each injury listed, state whether you had previously injured that part of your body, when and how any such injury occurred, what treatment you received for those injuries, and the name of any medical provider who provided that treatment.

**Response**:

Plaintiff objects to this interrogatory on the grounds that it is vague and lacks foundation and is unduly burdensome and without waiving the objections Plaintiff refer [sic] Defendant to Exhibits A, B, E, F, G.

**Ruling**:

Defendants' motion to compel a further response to this interrogatory is granted.  Contrary to Plaintiff's objections, this interrogatory is not vague or lacking foundation.  This interrogatory is relevant to Plaintiff's allegation that he suffered injuries as a result of Defendants' actions or inactions and any claimed damages and is proportional to the needs of this case.  Defendants are entitled to discover information regarding Plaintiff's medical condition(s) and any claimed damages, the information is only known by Plaintiff and not accessible by Defendants, may resolve issues concerning Plaintiff's medical needs and/or alleged damages, and the burden of a response is greatly outweighed by its likely benefit.

**Interrogatory No. 3**:

List all administrative grievances you submitted prior to February 15, 2013 against Defendant Ford.  For each grievance listed, state the log number, the subject of the grievance, and any action taken by CDCR in response to that grievance, including the date of the response and the name of the person responding.

**Response**:

Plaintiff objects to this interrogatory on the grounds it is compound not a plain statement of fact and is not a request to admit or deny a material fact.  Without waiving the objections Plaintiff refer [sic] Defendants to Exhibits F.

**Ruling**:

Defendants' motion to compel a further response to this interrogatory is granted. Contrary to Plaintiff's objections, this interrogatory is not required to be a plain statement of fact or a request to admit or deny a material fact. Further, this interrogatory is relevant to Plaintiff's allegation that Defendant Ford's actions or inactions on February 15, 2013 were due to retaliation for previous grievances Plaintiff filed against her, and is proportional to the needs of the case. In addition, Plaintiff has greater access to grievances he may have filed unrelated to this action, and the burden of a response is outweighed by its benefit.

### C. Defendants' Request for Production, Set One, No. 4

**Request for Production No. 4**:

All documents (as defined in Federal Rule of Civil Procedure 34(a)(1)) which show, evidence, or mention that you were transferred to San Quentin State Prison on February 17, 2013 for your own protection, as alleged in your Second Amended Complaint.

**Response**:

Plaintiff object [sic] to this request on the grounds that it's unnecessarily burdensome, oppressive, and harassing. Plaintiff further objects to the extent that this request seeks statements made by a psychologist not Plaintiff. Without waiving my objections no documents will be produced in response to this request.

**Ruling**:

Defendants' motion to compel a further response to this request for production is granted. Contrary to Plaintiff's objections, this request for production is not unnecessarily burdensome, oppressive, or harassing. Further, the request merely requires Plaintiff to provide documents supporting his allegations in the second amended complaint. If Plaintiff does not have any documents responsive to this request for production, Plaintiff should so clearly state in his supplemental response.

///
///
///

**III. Conclusion and Order**

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to compel responses to discovery requests, (ECF No. 43), is GRANTED; and

2. Within **thirty (30) days** following service of this order, Plaintiff shall serve supplemental responses to Defendant Ford's Interrogatories, Set One, Nos. 2–3; and Defendants' Request for Production of Documents, Set One, No. 4.

IT IS SO ORDERED.

Dated: __February 6, 2018__        /s/ *Barbara A. McAuliffe* _
UNITED STATES MAGISTRATE JUDGE