UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK JOSE MOORE,<br><br>    Plaintiff,<br><br>    v.<br><br>CONNIE GIPSON, et al.,<br><br>    Defendants. | No. 1:13-cv-01820-DAD-BAM (PC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS</u><br><br>(Doc. No. 55) |

    Plaintiff Merrick Jose Moore is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Defendants Meier, Casas, Childress, Adams, Ford, and Thornburg have appeared in this action, while defendants Gipson, Cavazos, Davis, Lozano, Cribbs, Henery, Gonzalez, Southard, Longoria, Marsh, and Cisneros have not.

    On November 8, 2016, the assigned magistrate judge screened plaintiff's second amended complaint and found that plaintiff stated cognizable claims against defendants Meier, Casas, Childress, and Adams for excessive use of force, and against defendants Ford and Thornburg for failure to intervene. (Doc. No. 21.) The magistrate judge dismissed all other claims and defendants, with prejudice, for failure to state a claim. (*Id.*) Since that time this case has proceeded against defendants Meier, Casas, Childress, Adams, Ford, and Thornburg.

/////

1

On December 7, 2017, the assigned magistrate judge re-screened plaintiff's second amended complaint, recognizing that a recent Ninth Circuit opinion, *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), had held that a magistrate judge does not have jurisdiction to dismiss claims with prejudice in screening prisoner complaints even if a plaintiff has consented to magistrate judge jurisdiction, as plaintiff did here, where all defendants, including those not yet appearing in the action, have not consented to magistrate judge jurisdiction. (Doc. No. 55.) Concurrently, the magistrate judge issued findings and recommendations recommending that plaintiff's claims previously found to be non-cognizable by the magistrate judge be dismissed. (*Id.*) The parties were given fourteen days to file objections to those findings and recommendations, and plaintiff was provided an additional twenty-one day extension of time to file his objections. (Doc. No. 60.) Nonetheless, plaintiff did not file any objections, and the time in which to do so has now expired.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the undersigned has conducted a *de novo* review of the case. The undersigned concludes the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on December 7, 2017 (Doc. No. 55) are adopted in full;
2. Plaintiff's claims against defendants Gipson, Cavazos, Davis, Lozano, Cribbs, Henery, Gonzalez, Southard, Longoria, Marsh, and Cisneros are dismissed for failure to state a claim upon which relief may be granted; and
3. This action now proceeds solely on plaintiff's claims for excessive use of force in violation of the Eighth Amendment against defendants Meier, Casas, Childress, and Adams, and against defendants Ford and Thornburg arising from their failure to intervene,

/////
/////
/////
/////

as alleged in plaintiff's second amended complaint, those claims having been found to be cognizable in the magistrate judge's prior screening orders (Doc. Nos. 21, 55).

IT IS SO ORDERED.

Dated: **February 15, 2018**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE