# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK JOSE MOORE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GIPSON, et al,<br><br>　　　　　Defendants. | Case No. 1:13-cv-01820-DAD-BAM (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST TO SUSPEND ALL MATTERS IN THIS CASE OR GRANT 90-DAY EXTENSION OF TIME<br><br>(ECF No. 76)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Merrick Jose Moore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claims for excessive force against Defendants Meier, Casas, Childress, and Adams, and for failure to intervene against Defendants Ford and Thornburg.

On February 7, 2018, the Court granted Defendants' pending motion to compel responses to discovery and ordered Plaintiff to serve supplemental discovery responses within thirty (30) days. (ECF No. 64.) On April 3, 2018, with no opposition from Defendants, the Court granted Plaintiff's motion for a thirty-day extension of time to serve such responses. (ECF Nos. 67, 72.)

On April 27, 2018, Plaintiff filed a request to suspend all matters in this case or an extension of ninety (90) days to serve his supplemental discovery responses. (ECF No. 76.) Defendants filed a status report in response on May 7, 2018, (ECF No. 78), and Plaintiff filed a

1

response on May 24, 2018, (ECF No. 79).  The Court construes Plaintiff's request as a motion for stay or, in the alternative, an extension of time.  The motion is deemed submitted.

Plaintiff states that on March 28, 2018, he was transferred to Corcoran.  Upon his arrival, custody took control of Plaintiff's legal property, which was placed on the day-room table.  Plaintiff sought to secure his property from both second and third watch but was unsuccessful.  As a result, Plaintiff states that he suffered a mental break down and was sent to Corcoran's Mental Health Crisis Bed, and later was sent to California Health Care Facility (CHCF) by a psychologist.  After receiving the Court's order granting his request for a thirty-day extension of time, Plaintiff was informed by various staff members that no library, supplies of legal material, or copies were available.  (ECF No. 76.)

Based on these facts, Plaintiff requests a stay in this matter until Plaintiff has notified the Court in writing that he has been discharged from the hospital and given his property and legal property, or the Court has directed Corcoran State Prison to produce Plaintiff's property, or that he be granted a ninety-day extension of time.  (Id.)

In Defendants' May 7, 2018 status report, defense counsel states that he investigated Plaintiff's claims.  Defendants confirm that Plaintiff was transferred from Richard J. Donovan Correctional Facility to California State Prison – Corcoran on March 29, 2018, and then to CHCF on April 1, 2018 for mental health treatment.  Defendants state that Plaintiff's property was not transferred to CHCF because he may only remain in acute care for 7–10 days, unless he is referred to a higher level of care.  Based on the apparent temporary nature of Plaintiff's housing situation, Defendants request that any extension of time be limited to thirty days, and Plaintiff's request for a stay be denied.  (ECF No. 78.)

In his reply, Plaintiff states that on May 10, 2018, he was transferred back to Richard J. Donovan.  Plaintiff states that he does not have access to his legal property, which remains at Corcoran.  (ECF No. 79.)

Having considered the request, and in light of Plaintiff's assertion that he remains without access to his legal property, the Court finds good cause to partially grant the motion.  Fed. R. Civ. P. 6(b).  However, given the lengthy history of this discovery dispute, the Court declines to grant

Plaintiff's request for a stay of this action.  <u>Further extensions of time will not be granted without a showing of good cause, and Plaintiff should specifically identify the reasons for his failure to timely provide discovery responses.</u>  Within seven (7) days of filing of any future request by Plaintiff for an extension of time, Defendants shall file a statement of opposition or non-opposition.

Accordingly, Plaintiff's motion for an extension of time to serve supplemental responses to Defendants' discovery requests, (ECF No. 78), is HEREBY GRANTED IN PART.  Plaintiff shall serve supplemental responses to Defendant Ford's Interrogatories, Set One, Nos. 2–3; and Defendants' Request for Production of Documents, Set One, No. 4, within **thirty (30) days** from the date of service of this order.  Plaintiff's request for a stay of this action is DENIED.

IT IS SO ORDERED.

Dated:  **May 29, 2018**              /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE