# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK JOSE MOORE,<br><br>        Plaintiff,<br><br>    v.<br><br>GIPSON, et al.,<br><br>        Defendants. | Case No. 1:13-cv-01820-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 99) |

Plaintiff Merrick Jose Moore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claims for excessive force against Defendants Meier, Casas, Childress, and Adams, and for failure to intervene against Defendants Ford and Thornburg.

Currently before the Court is Plaintiff's second motion for appointment of counsel, filed August 30, 2018. (ECF No. 99.) Plaintiff claims that he is unable to afford counsel, his imprisonment will greatly limit his ability to litigate, and the issues involved in this case are complex and will require significant investigation. Furthermore, Plaintiff argues that his current housing status allows him very limited access to legal materials, and he has no ability to investigate the facts to his claim. Plaintiff states that his current level of care for his mental health treatment has increased since he last filed a request for counsel in 2017, from CCCMS to ICF. (Id.)

1

1   As Plaintiff has been informed, he does not have a constitutional right to appointed
2   counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), <u>rev'd in part on
3   other grounds</u>, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to
4   represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. U.S. Dist. Court for the S. Dist.
5   of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may
6   request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at
7   1525.

8   Without a reasonable method of securing and compensating counsel, the Court will seek
9   volunteer counsel only in the most serious and exceptional cases. In determining whether
10  "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
11  the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
12  complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

13  The Court has considered Plaintiff's renewed motion for the appointment of counsel, but
14  does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not
15  well versed in the law and that he has made serious allegations which, if proved, would entitle
16  him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners
17  proceeding *pro se* and *in forma pauperis* almost daily. These prisoners also must conduct legal
18  research, prosecute claims, and conduct discovery without the assistance of counsel.

19  The Court has also considered Plaintiff's mental health treatment level. However,
20  Plaintiff has not provided any evidence demonstrating that this participation hampers his ability to
21  prosecute this action. Plaintiff argues that he is unable to fully conduct discovery into his claims,
22  including taking photos of the scene of the incident or interviewing other inmate witnesses, the
23  Court notes that discovery in this action has been closed since November 9, 2017. Plaintiff's
24  motion for modification of the scheduling order, filed August 22, 2018, remains pending before
25  the Court, and no ruling has been issued. Therefore, discovery remains closed at this time,
26  whether Plaintiff is appointed counsel or not.

27  Furthermore, at this stage in the proceedings, the Court cannot make a determination that
28  Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the

Court does not find that Plaintiff cannot adequately articulate his claims. Throughout this action, Plaintiff has been able to prepare and file documents that clearly set forth his contentions without any assistance.

For the foregoing reasons, Plaintiff's motion to appoint counsel (ECF No. 99) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **September 5, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE