# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK JOSE MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>GIPSON, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01820-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS MOOT<br>(ECF No. 82)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER<br>(ECF No. 96)<br><br>**Dispositive Motion Deadline: October 15, 2018** |

Plaintiff Merrick Jose Moore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claims for excessive force against Defendants Meier, Casas, Childress, and Adams, and for failure to intervene against Defendants Ford and Thornburg. All parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 7, 74.)

**I.    Plaintiff's Motion to Compel**

Currently pending before the Court is Plaintiff's request for a court order directing prison officials to comply with his discovery requests, filed June 14, 2018. (ECF No. 82.) This motion was the most recent filing in a lengthy and ongoing discovery dispute between the parties. In brief, Defendants contended that Plaintiff failed to serve supplemental discovery responses, despite the Court's order granting their prior motion to compel. Plaintiff, in turn, contended that

1

he could not provide supplemental discovery responses because of multiple transfers between institutions, thus depriving him of access to his legal property. Thereafter, Plaintiff filed the instant motion as an attempt to secure the legal property needed to provide supplemental responses. The parties were directed to meet and confer regarding the issue, and ultimately the Court held telephonic status conferences with the parties on July 24, 2018 and August 21, 2018. (ECF Nos. 89, 94.)

As Plaintiff has now filed his additional supplemental response to Defendants' discovery request, (ECF No. 97), and Defendants indicated during the August 21, 2018 status conference that they were prepared to proceed to trial. Accordingly, the Court finds that Plaintiff's pending motion to compel is appropriately denied as moot.

## II. Plaintiff's Motion Requesting Modification of Scheduling Order

Also before the Court is Plaintiff's motion requesting modification of the Court's scheduling order, filed August 22, 2018. (ECF No. 96.) In this motion, Plaintiff alleges that he served a request for documents, electronically stored information, and other tangible things on defense counsel in person on April 25, 2017, or by mail on April 26, 2017.[1]  (ECF No. 96.) Defendants filed an opposition on August 29, 2018, (ECF No. 98), and Plaintiff filed a reply on September 10, 2018, (ECF No. 101). The motion is deemed submitted. Local Rule 230(l).

In his motion, Plaintiff argues that his request was served on Defendants in late April 2017, well before the close of discovery on November 9, 2017, and defense counsel responded with only boilerplate objections. Plaintiff argues that his subsequent transfers between institutions, beginning on July 12, 2017, resulted in the seizure of his property. He was thereafter engaged in filing an opposition to Defendants' motion compel and responding to Defendants' own discovery requests, as outlined above. Plaintiff attaches a copy of the notice of request for documents allegedly served on Defendants in April 2017. (ECF No. 96.)

In opposition, Defendants argue that the motion should be denied on timeliness and procedural grounds. Specifically, Defendants contend that, construed as a motion to modify the

---

[1] Plaintiff alleges that he attempted to serve the notice of his request on defense counsel in person during his April 25, 2017 deposition, but service was refused at that time. Plaintiff states that he therefore served the request by mail the following day. However, no proof of service by mail is attached to the request. (ECF No. 96, p. 2.)

2

discovery and scheduling order, Plaintiff has exceeded the November 9, 2017 deadline for such a request by nine months, with no explanation for the untimeliness. In addition, if construed as a motion to compel discovery, Defendants contend that the motion is also untimely, procedurally defective, and requests production and creation of evidence from nonparties to this case. (ECF No. 98.)

In his reply, Plaintiff argues that his request is timely because the Court has discretion to modify its scheduling order. Plaintiff contends that he is not seeking additional discovery, but rather seeks responses to his outstanding discovery requests. In addition, Plaintiff argues that he was without his property in November 2017, consistently notified the Court of his ongoing issues obtaining access to his legal property, and Defendants intentionally withheld responses to Plaintiff's request while simultaneously wrapping Plaintiff up in their own motion to compel. (ECF No. 101.)

**A. Procedural Deficiencies and Untimeliness**

Upon review of the motion, the Court finds that the request is procedurally deficient. Plaintiff states that the objections he received from Defendants are "boilerplate." However, Plaintiff has not attached the objections received from Defendants, nor have Defendants provided their responses to the Court. Indeed, it is unclear to the Court, based on the briefing from the parties, whether Plaintiff's requests were ever mailed to Defendants, whether those requests were received, and whether any responses or objections were ever returned.

Additionally, Plaintiff has not adequately explained the untimeliness of the motion. Although Plaintiff argues that he has been without his property for nine months, dating back to the November 2017 close of discovery, Plaintiff does not explain his failure to file a motion to compel prior to that time. Pursuant to the Court's discovery order, responses to discovery requests are due forty-five (45) days after service. Based on a presumed service date of April 26, 2017, Defendants' discovery responses were due on June 13, 2017.[2] Based on that due date, Plaintiff had approximately five months prior to the close of discovery to file a motion to compel.

---

[2] This calculation is based on the 45 days allowed by the Court's discovery order and the addition of 3 days due to service of the requests by mail. (ECF No. 32; Fed. R. Civ. P. 6(d).)

Furthermore, even accounting for Plaintiff's difficulties in obtaining his legal property after that time, which are well-documented in this action, Plaintiff failed to advise the Court of any issue until the August 22, 2018 motion. Plaintiff has demonstrated himself more than capable of filing motions for extension of time in relation to other deadlines, (ECF Nos. 38, 44, 46, 58, 67, 76), all of which set forth in detail the reasons for his requests. Plaintiff does not indicate in any of these motions that he had served discovery requests of his own on Defendants, that he was dissatisfied with their responses, or that he needed additional time to file a motion to compel.

**B. Substance of the Motion**

Despite the procedural deficiencies, Plaintiff is entitled to leniency as a *pro se* litigant, and therefore, to the extent possible, the Court endeavors to resolve his motion on its merits. Hunt v. Cty. of Orange, 672 F.2d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). The Court's review of the motion, however, is hindered by the failure of **both** parties to sufficiently address the substance of the motion, including providing the Court with Defendants' objections, if any.

Thus, in order to conserve judicial resources, the Court has reviewed the motion without the benefit of any objections. Upon brief examination of the requests at issue, the majority do not appear to be meritorious. Plaintiff has requested documents from his central file that are equally available to both parties, documents not in possession of Defendants, information that would have been more appropriately addressed through interrogatories, and broad categories of documents with questionable relevance to the instant action. In addition, it appears Plaintiff requests the creation of documents or evidence that do not currently exist. Plaintiff generally argues that the documents requested are needed to prove his allegations, but he does not specifically address why the information sought is relevant and why any objections are not meritorious. In light of Plaintiff's failure to meet this burden, and the procedural defects and untimeliness of the motion, the motion is denied.

///

///

### III. Dispositive Motion Deadline

Pursuant to the Court's March 9, 2017 discovery and scheduling order, dispositive motions were due on or before January 19, 2018. (ECF No. 32.) However, this deadline expired during the pendency of the parties' discovery dispute.

As discussed above, Defendants have indicated that they are prepared to proceed to trial. However, Plaintiff has not. As such, the Court finds it appropriate to extend the dispositive motion deadline to **October 15, 2018**. Any party may file a waiver if they do not wish to file a dispositive motion. <u>Any requests for extension of the deadline must be supported by good cause</u>.

### IV. Conclusion and Order

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel, (ECF No. 82), is DENIED as moot;
2. Plaintiff's motion requesting modification of the scheduling order, (ECF No. 96), is DENIED; and
3. All dispositive motions (other than a motion for summary judgment for failure to exhaust) shall be filed on or before **October 15, 2018**.

IT IS SO ORDERED.

Dated: **September 14, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE