# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK JOSE MOORE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GIPSON, et al,<br><br>　　　　Defendants. | Case No. 1:13-cv-01820-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF EXPERT<br><br>(ECF No. 109) |

　　　　Plaintiff Merrick Jose Moore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claims for excessive force against Defendants Meier, Casas, Childress, and Adams, and for failure to intervene against Defendants Ford and Thornburg. All parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 7, 74.)

　　　　Currently before the Court is Plaintiff's motion for appointment of an expert witness, filed November 8, 2018. (ECF No. 109.) Defendants have not filed a response, and the deadline to do so has expired. The motion is deemed submitted. Local Rule 230(l).

　　　　Federal Rule of Evidence 706 authorizes courts, within their discretion, to appoint a neutral, independent expert witness. Fed. R. Evid. 706(a); Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). The appointment of such an expert witness may be appropriate when "scientific, technical, or other specialized knowledge will assist

the trier-of-fact to understand the evidence or decide a fact in issue." Ledford v. Sullivan, 105 F.3d 354, 358-59 (7th Cir. 1997).

However, the statute authorizing a petitioner's *in forma pauperis* status does not authorize the expenditure of public funds for expert witnesses. See 28 U.S.C. § 1915; Tedder v. Odel, 890 F.2d 210, 211–12 (9th Cir. 1989) (per curiam) (expenditure of public funds on behalf of indigent litigant is proper only when authorized by Congress); Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987) (no provision to pay fees for expert witnesses). An indigent prisoner litigant must bear his or her own costs of litigation, including witnesses. See, e.g., Tedder, 890 F.2d at 211.

Furthermore, although a court may apportion costs for the expert witnesses among the parties, including apportionment of costs to one side, Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002); Walker, 180 F.3d at 1071, where the cost would likely be apportioned to the state, the court should exercise caution.

Plaintiff requests appointment of "a neutral expert witness who has the requisite knowledge, skill, training, experience and education to form a specialized opinion in regards to the injury and long term effect the injury will have on Plaintiff's everyday living and mobility." (ECF No. 109, p. 1.) Although Plaintiff refers to the expert as neutral, he argues that "the expert can offer evidence to substantiate Plaintiff's claim to the jury and Court . . ." (Id. at 2.)

Federal Rule of Evidence 706 does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. Brooks v. Tate, 2013 WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (denying appointment of medical expert on behalf of state prisoner in section 1983 action); Gorrell v. Sneath, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013) (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party). Moreover, Rule 706 is not a means to avoid the *in forma pauperis statute* and its prohibition against using public funds to pay for the expenses of witnesses. Manriquez v. Huchins, 2012 WL 5880431, * 12 (E.D. Cal. 2012).

There is no indication that a neutral expert will be required to assist the trier of fact in this matter. Plaintiff's allegations of excessive force are not so complicated as to require the appointment of an expert witness to assist the court and/or a jury. Faletogo v. Moya, 2013 WL

1  524037, *1 (S.D. Cal. Feb. 12, 2013) (finding issues involved in prisoner's excessive force claim
2  not so complex as to require the testimony of expert witnesses).  In determining whether
3  Defendants subjected Plaintiff to excessive force in violation of the Eighth Amendment's
4  prohibition on cruel and unusual punishments, the main inquiry will be whether the force was
5  applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for
6  the purpose of causing harm.  Hudson v. McMillian, 503 U.S. 1, 6–7 (1992) (citing Whitley v.
7  Albers, 475 U.S. 312, 320–21 (1986)).  The trier of fact does not require scientific, technical, or
8  specialized knowledge regarding CDCR's use of force policies and procedures to make such a
9  determination.  Faletogo, 2013 WL 524037 at *1.

    Accordingly, Plaintiff's motion for appointment of an expert witness, (ECF No. 109), is
DENIED, without prejudice.

IT IS SO ORDERED.

    Dated:   **December 4, 2018**           /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE