# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MERRICK JOSE MOORE,

          Plaintiff,

     v.

GIPSON, et al.,

          Defendants.

Case No. 1:13-cv-01820-BAM (PC)

ORDER DENYING MOTION FOR RECONSIDERATION

(ECF No. 108)

Plaintiff Merrick Jose Moore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claims for excessive force against Defendants Meier, Casas, Childress, and Adams, and for failure to intervene against Defendants Ford and Thornburg. All parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 7, 74.)

On August 22, 2018, Plaintiff filed a motion requesting modification of the Court's scheduling order, specifically seeking responses to discovery requests that were apparently served on defense counsel in late April 2017. (ECF No. 96.) On September 14, 2018, following full briefing on the motion, the Court denied Plaintiff's motion on both procedural and substantive grounds. (ECF No. 102.) The same date, Plaintiff filed a motion to compel discovery and a declaration in support of the motion. (ECF No. 103.) As Plaintiff raised no new arguments or additional evidence to support his contention that discovery should be reopened and Defendants

compelled to respond to the alleged discovery requests, the Court denied the motion for the reasons discussed in the September 14, 2018 order.  (ECF No. 104.)

Currently before the Court is Plaintiff's motion for reconsideration, filed November 8, 2018.  (ECF No. 108.)  Plaintiff argues that the Court should reconsider its ruling on his motion to reopen discovery because the requested documents and information are necessary to substantiate his claims at trial, and he has been unable to provide the Court further proof of Defendants' responses or his original requests because prison officials have lost his legal property.  (Id.)  Defendants have not filed a response, and the deadline to do so has expired.  The motion is deemed submitted.  Local Rule 230(l).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).  Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

Upon review of Plaintiff's motion, Plaintiff has again presented no new evidence or argument that he did not present in his original motion.  As Plaintiff argued in his original motion and the September 14, 2018 motion to compel, the Court was aware that prison officials had lost certain of Plaintiff's legal property during several transfers between institutions.  However, Plaintiff again fails to explain why he failed to file a motion to compel or otherwise notify the Court that Defendants had not responded to his discovery requests, until his August 22, 2018 motion to reopen discovery.  Furthermore, in light of Plaintiff's *pro se* status, the Court reviewed

2

the original motion to reopen discovery on its merits.  The Court found that the requests did not appear to be meritorious, Plaintiff did not explain why the information sought was relevant, and stated only that Defendants' objections were "boilerplate" and therefore unacceptable.  (ECF No. 102, p. 4.)  Again, Plaintiff raises no new arguments regarding the Court's ruling on these points, and therefore he has failed to present any new grounds that would warrant reconsideration of the Court's order.

Accordingly, Plaintiff's motion for reconsideration, (ECF No. 108), is HEREBY DENIED.  Discovery remains closed.

IT IS SO ORDERED.

Dated:   **December 7, 2018**             /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE