# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK JOSE MOORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CASAS, et al,<br><br>　　　　　Defendants. | 1:13-cv-01820-BAM (PC)<br><br>ORDER REGARDING DEFENDANTS' UNTIMELY EXPERT WITNESS DISCLOSURES<br><br>**Defendants' Motion Regarding Expert Witness Disclosures Due: March 8, 2019**<br><br>**Plaintiff's Response Due: March 18, 2019** |

Plaintiff Merrick Jose Moore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claims for excessive force against Defendants Casas, Meier, Childress, and Adams, and for failure to intervene against Defendants Ford and Thornburg. All parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 7, 74.)

Pursuant to the Court's Second Scheduling Order, issued January 4, 2019, trial was originally set for May 14, 2019. (ECF No. 112.) On February 12, 2019, Defendants filed a motion to modify the second scheduling order to continue trial, due to the unavailability of Defendant Adams on the scheduled trial date. (ECF No. 116.) Plaintiff filed an opposition on February 25, 2019, (ECF No. 120), and the Court heard argument from the parties at the Telephonic Trial Confirmation Hearing ("TTCH") held on March 4, 2019.

1

As discussed during the TTCH, the Court granted in part and denied in part Defendants' motion to continue the trial, and trial was advanced to April 29, 2019. In light of the advanced trial date, defense counsel raised the issue of expert witness disclosures.

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), Defendants were required to disclose to Plaintiff the identity of any expert witness they may use at trial. Defendants first identified two expert witnesses, a medical expert and a use of force expert, in their Pretrial Statement filed with the Court and served on Plaintiff on February 15, 2019. (ECF No. 119, p. 10.) Defendants' proposed use of force expert, Retired Correctional Lieutenant Tony Diaz, is apparently no longer employed by CDCR, and as a retained expert is subject to the written report requirements of Rule 26(a)(2)(B). Defendants' proposed medical expert, Dr. B. Feinberg, who is apparently still employed by CDCR, is subject only to the requirements of Rule 26(a)(2)(C).

Pursuant to Rule 26(a)(2)(D)(i), absent a stipulation between the parties or a Court order, these disclosures were due at least 90 days before the date set for trial. Based on the original trial date of May 14, 2019, those disclosures were due on or before **February 13, 2019**. As of the March 4, 2019 TTCH, it does not appear that Plaintiff has received any of the required disclosures regarding the substance of the testimony of the proposed expert witnesses. The Court declines to find that Defendants' pending motion to continue the trial date relieved them of their obligations under Rule 26.

Accordingly, Defendants are HEREBY ORDERED to file a written response to the Court, in the form of a motion, regarding their failure to timely comply with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2), on or before **March 8, 2019**. Plaintiff's response to the motion is due on or before **March 18, 2019**.

IT IS SO ORDERED.

Dated: **March 4, 2019**         /s/ *Barbara A. McAuliffe*
                                                                                   UNITED STATES MAGISTRATE JUDGE