# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK JOSE MOORE,<br><br>        Plaintiff,<br><br>    v.<br><br>CASAS, *et al.*,<br><br>        Defendants. | Case No. 1:13-cv-01820-BAM (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO MODIFY SECOND SCHEDULING ORDER<br>(ECF No. 116)<br><br>**PRETRIAL ORDER**<br><br>Motions in Limine Filing Deadline: **April 1, 2019**<br><br>Oppositions to Motions in Limine Filing Deadline: **April 15, 2019**<br><br>Motions in Limine Hearing: **April 24, 2019 at 10:00 a.m.** in Courtroom 8 (BAM)<br><br>Jury Trial: **April 29, 2019**, at 8:30 a.m. in Courtroom 8 (BAM) |

Plaintiff Merrick Jose Moore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. All parties have consented to magistrate judge jurisdiction. (ECF Nos. 7, 74.) This action proceeds on Plaintiff's Eighth Amendment claims for excessive force against Defendants Meier, Casas, Childress, and Adams, and for failure to intervene against Defendants Ford and Thornburg.

The parties submitted pretrial statements, and on March 4, 2019, the Court held a telephonic trial confirmation hearing. Plaintiff, appearing pro se, and Lucas Hennes and Joanna

Hood, counsel for Defendants, attended the hearing.  Having reviewed the parties' statements and the remainder of the file, and having considered the issues raised at the telephonic trial confirmation hearing, the Court issues the instant pretrial order.

**I.     Jurisdiction and Venue**

The Court has subject matter jurisdiction over this federal civil rights action.  28 U.S.C. § 1331.  Venue is proper because the conduct allegedly occurred in this judicial district.  28 U.S.C. § 1391.

**II.    Trial**

The parties demand a trial by jury.  Fed. R. Civ. P. 38(b).  The parties anticipate the trial will last approximately two (2) to three (3) days.

As discussed on the record at the March 4, 2019 Telephonic Trial Confirmation Hearing, Defendants' motion to modify the second scheduling order to continue the trial date, (ECF No. 116), is GRANTED IN PART and DENIED IN PART.  Trial is advanced to **April 29, 2019 at 8:30 a.m.** before U.S. Magistrate Judge Barbara A. McAuliffe in Courtroom 8 (BAM).

**III.   Facts**

   **A.     Plaintiff's Undisputed Facts**

Plaintiff contends the following facts are undisputed:

1.     Connie Gipson was the Warden of Corcoran State Prison (CSP) during the February 15, 2013 incident and was legally responsible for the operations of Corcoran State Prison and the safety and welfare of all the inmates of that institution.

2.     On February 15, 2013, Defendant L. Ford was assigned to building one control tower. During a conversation with the porter Plaintiff's cell was opened and L. Ford instructed Plaintiff to report to the office, which he did.

3.     Once at the office Plaintiff inquired to Correctional Officer Campos why he was called. He said he didn't know but that Defendant Ford wanted him to place Plaintiff in the shower. Plaintiff requested to speak to the supervisor and was told to return to his living quarters and retrieve his state blues.

///

4. Once inside the cell, Defendants Casas, Meier, Childress, Adams, and Thornburg entered the building at a quickened pace.

5. Defendant Thornburg remained at the bottom of "B" section stairs as Defendants Meier, Casas, Childress, and Adams ran up "C" section stairs to Plaintiff's cell.

6. Once in front of Plaintiff's cell, Defendant Ford opened the door. Hearing the door open, Plaintiff turned around, hearing Defendant Ford yell "Get that mother fucka."

7. Defendant Meier snatched Plaintiff out of the cell and slammed him up against the steel railing.

8. Defendant Casas jumped on Plaintiff's back as Defendants Childress and Adams bent both arms backwards while Defendant Meier kicked both of Plaintiff's feet.

9. Defendant Thornburg stood at the bottom of the stairs as the incident occurred and instructed Defendants Casas, Meier, Childress, and Adams to take Plaintiff outside.

10. Once inside the rotunda, Plaintiff sustained injuries to his ribs and face from being hit and run into a wall.

11. The mechanical restraints placed on Plaintiff's hands were so tight that blood circulation was obstructed, causing both hands to swell up, which caused intense pain and discomfort.

12. Plaintiff was placed in a standing cage and left for hours with handcuffs on while his hands were swollen.

13. Plaintiff filed an institutional grievance against all defendants named in the civil complaint.

14. Plaintiff was charged by prison officials with a serious disciplinary offense for the February 15, 2013 incident. Plaintiff requested several correctional officers and inmates as witnesses and was denied.

15. All defendants named in the amended civil rights complaint acted under color of law.

**B. <u>Defendants' Undisputed Facts</u>**

Defendants contend the following facts are undisputed:

1. Plaintiff Merrick Jose Moore (H-82249) is a convicted felon properly in the custody of the California Department of Corrections and Rehabilitation (CDCR).

2. At all times material to this case, Plaintiff was a state prisoner housed at California State Prison – Corcoran (COR).

3. Defendants Casas, Meier, Childress, Adams, Ford, and Thornburg were employed by CDCR at COR at times material to the claims at issue.

4. On February 15, 2013, at approximately 8:00 a.m., Defendant Ford was working in the Facility 3, Building 1 control tower.

5. On February 15, 2013, at approximately 8:00 a.m., Defendant Ford instructed Plaintiff to report to the building office.

6. On February 15, 2013, Plaintiff was placed into restraints and escorted to the program office.

7. Plaintiff was issued a rules violation report for indecent exposure with masturbation on February 15, 2013.

8. Plaintiff was found guilty of indecent exposure with masturbation at a hearing on April 19, 2013.

### C. Plaintiff's Disputed Factual Issues

1. The disciplinary report Log No. 13-02-015 authored by Defendant Ford on February 15, 2013 and the events surrounding the incident in RVR Log No. 3A 13-02-015

2. The Defendants' account of the incident regarding the removal of Plaintiff out of his cell and the building.

3. The injuries sustained during the February 15, 2013 incident and treatment given to Plaintiff.

4. The 7219s conducted on February 15, 2013 by Registered Nurses Sabios and B. Savage and Nurse Lopez secured by Defendant Thornburg.

5. The videotaped interview in incident package #COR 03A-13-02-0093 conducted on February.

### D. Defendants' Disputed Factual Issues

1. Whether Defendants Casas, Meier, Childress, or Adams used any force on Plaintiff on February 15, 2013.

4

2. Whether Defendants Ford or Thornburg witnessed any force being used on Plaintiff on February 15, 2013.

3. Whether Plaintiff sustained any injury on February 15, 2013, as a result of any of the Defendants' actions.

### E. Disputed Evidentiary Issues[1]

#### 1. Plaintiff's Disputed Evidentiary Issues

Plaintiff has identified no disputed evidentiary issues.

#### 2. Defendant's Disputed Evidentiary Issues

a. Whether evidence concerning any of Plaintiff's claims that have been dismissed is admissible for any purpose.

b. Whether Plaintiff should be able to offer any opinion testimony concerning his medical records or medical condition.

c. Whether Plaintiff should be able to offer any evidence regarding Defendants' involvement, if any, in other lawsuits, claims, inmate grievances, or incidents alleging misconduct.

d. Whether Plaintiff should be able to offer evidence or testimony regarding any settlement discussions the parties may have had.

e. Whether Plaintiff should be able to offer evidence that the State may pay the judgment or reimburse Defendants in the event a judgment is rendered against them.

f. Whether Plaintiff should be able to offer any evidence of punitive damages.

g. Whether the abstracts of judgment or other evidence of felony convictions for Plaintiff or any incarcerated witnesses are admissible for impeachment purposes.

h. Whether any written statements by inmate witnesses are admissible.

### F. Special Factual Information

Not applicable.

///

---

[1] The parties may file motions in limine, addressed below, and/or object to the introduction of evidence at trial. Evidentiary issues which will consume trial time should be addressed in motions in limine.

## IV. Relief Sought

In his second amended complaint, Plaintiff seeks a declaratory judgment, compensatory damages, punitive damages, exemplary damages, prospective damages, and special damages. In his pretrial statement, Plaintiff also appears to request expungement of RVR Log No. 3A 13-02-015 from his central file.

Defendants seek judgment in their favor, with Plaintiff taking nothing, an award of costs, and any other relief that the Court deems proper.

## V. Points of Law

### A. Imposition of Liability Under Section 1983

Under § 1983, Plaintiff is required to prove that Defendants (1) acted under color of state law and (2) deprived him of rights secured by the Eighth Amendment of the United States Constitution. Long v. Cty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must prove that Defendants personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor is liable under § 1983 for a subordinate's constitutional violations 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Maxwell v. Cty. of San Diego, 708 F.3d 1075, 1086 (9th Cir. 2013) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

There is no *respondeat superior* liability under section 1983, and Defendants are only liable for their own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

### B. Eighth Amendment – Excessive Force

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7 (1992); Whitley v. Albers, 475 U.S. 312, 320 (1986).

"The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Hudson, 503 U.S. at 8 (internal quotation

marks and citations omitted). A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010). However, "[n]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9). Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." Whitley, 475 U.S. at 321; Marquez v. Gutierrez, 322 F.3d 689, 692 (9th Cir. 2003).

### C. Eighth Amendment – Failure to Intervene

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health . . . .' " Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. Cty. of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

### D. Punitive Damages

Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2008). The jury must find that Defendant's conduct was "motivated by evil motive or intent,

or . . . involves reckless or callous indifference to the federally protected rights of others." <u>Smith v. Wade</u>, 461 U.S. 30, 56 (1986). Acts or omissions which are malicious, wanton, or oppressive support an award of punitive damages. <u>Dang v. Cross</u>, 422 F.3d 800, 807–08 (9th Cir. 2005).

### E. Federal Rules of Evidence

Federal Rule of Evidence 609 provides that evidence of a witness's prior felony conviction may be used to impeach that witness's testimony. Fed. R. Evid. 609.

Federal Rule of Evidence 404(b) provides that evidence of prior crimes, wrongs, or acts cannot be used to prove the character of the person in order to show conduct in conformity with that character trait. Fed. R. Evid. 404(b). Such prior acts may be admissible for other purposes only, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. <u>Id.</u>

## VI. Abandoned Issues

None.

## VII. Witnesses

**The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."** Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

### A. Plaintiff's Witness List[2]

1. Plaintiff Merrick Jose Moore
2. C. Love, ISU Sergeant
3. R.N. Sabios
4. R.N. B. Savage

---

[2] Plaintiff is not required to call all of the witnesses listed. However, witnesses the parties plan to call must be available on May 14, 2019, by 9:30 a.m., unless otherwise ordered by the Court. The Court will not delay the proceedings because of witness unavailability. Also, although Plaintiff has not named the Defendants as witnesses, he may call Defendants as witnesses in his case-in-chief. The Court will address Plaintiff's motion for incarcerated and unincarcerated witnesses, (ECF No. 115), by separate order.

**B.   Defendant's Witness List**[3]

1. Plaintiff Merrick Jose Moore
2. Defendant A. Casas
3. Defendant L. Ford
4. Defendant D. Thornburg
5. Defendant G. Meier
6. Defendant R. Childress
7. Defendant T. Adams
8. Correctional Officer J. Campos
9. Licensed Vocational Nurse E. Lopez
10. Correctional Lieutenant T. Marsh
11. Correctional Captain E. Silva
12. Correctional Sergeant M. Solis
13. Correctional Lieutenant R. Juarez
14. B. Feinberg, M.D. (Defendants' medical expert)
15. Correctional Lieutenant Tony Diaz (Ret.) (Defendants' use of force expert)
16. Custodian of Records for Plaintiff's CDCR Central File (C-File)
17. Custodian of Records for the Central File of any inmate witness (C-File)
18. Custodian of Records for Plaintiff's Unit Health Record (i.e., medical file)

**VIII.   Exhibits**

**The following is a list of documents or other exhibits that the parties expect to offer at trial.  NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).**

///

---

[3] Defendants are not required to call all of the witnesses listed.  However, as is the Court's general practice in cases such as this, witnesses the defense plans to call shall be present on May 14, 2019, by 9:30 a.m. and shall be available for Plaintiff to call for direct examination.

    **A.    Plaintiff's Exhibits**

1. California Code of Regulations Title 15
2. California Department of Corrections and Rehabilitations Operations Manual
3. Declarations of Inmates
4. Response Letters from the Warden's Office
5. CDCR Form 22s
6. Grievance Forms
7. 7219
8. Medical Records of treatment of back (i.e.) therapy treatment
9. Medications
10. All other renewable, or new evidence undiscovered at such time needed for discovery proceedings

**Defendant's Exhibits**

1. CDCR Form 837 – Crime/Incident Report Package, Log No. COR-03A013092-0093
2. Medical Report of Injury or Unusual Occurrence conducted on Plaintiff related to the subject incident on February 15, 2013
3. Rules Violation Report Log No. COR-03A-13-02-0093
4. DVD recording of Plaintiff Merrick Moore, taken by Lieutenant E. Silva and Sergeant M. Solis on February 15, 2013
5. DVD recording of Plaintiff's escort to and receipt of medical treatment on February 15, 2013, taken by Sergeant M. Solis
6. CDCR 3014 – Report of Findings – Inmate Interview authored by Lieutenant E. Silva, dated February 16, 2013
7. CDCR 602 – Inmate/Parolee Appeal Package, including confidential section C – Log No. COR-13-02100 authored by Plaintiff, dated February 28, 2013, and responses from CDCR
8. Select excerpts from Plaintiff's medical records
9. Abstracts of judgment for Plaintiff's felony convictions
10. Abstracts of judgment for the felony convictions of any inmate witness

1. 11. Photographs and/or diagrams of Building 1
2. 12. Select excerpts from Plaintiff Merrick Moore's deposition, taken April 25, 2017
3. 13. Select excerpts from Plaintiff Merrick Moore's amended complaint, (ECF No. 19)
4. 14. Select excerpts from Plaintiff Merrick Moore's responses to interrogatories, document requests, and admission requests

**IX.	Discovery Documents to be Used at Trial**

Plaintiff does not anticipate using any discovery documents at trial.

Defendants do not anticipate offering any deposition transcripts or responses to discovery at trial. However, Defendants reserve the right to introduce Plaintiff's deposition transcript, and his responses to interrogatories, document requests, and admission requests at trial for purposes of impeachment or rebuttal. If Plaintiff introduces any of Defendants' discovery responses into evidence, Defendants anticipate they may admit any remaining portions of those responses that are needed to place the evidence into context.

The parties are warned that the Court generally does not allow the admission into evidence of discovery documents, including responses or transcripts, in their entirety.

**X.	Further Discovery or Motions**

Plaintiff states that no further discovery or motions have been presented or taken as of the date of his pretrial statement, but he will consider the issue on a later date before trial.

Defendants anticipate filing motions in limine. If appropriate, Defendants will also move for dismissal under Federal Rule of Civil Procedure 50 at the close of evidence. Defendants will also file specific objections to Plaintiff's exhibits once they have been exchanged with Defendants.

**XI.	Stipulations**

The parties stipulate that Defendants were acting under color of law at all times relevant to this action. The Court accepts this stipulation.

**XII.	Amendments/Dismissals**

Plaintiff requests a ruling before trial on all previously filed motions.

///

Defendants do not request any amendments to pleadings, dismissals, additions or subtraction of parties, or dispositions as to defaulting parties. However, during trial, Defendants reserve the right to make the appropriate motions to dismiss them from the action.

**XIII. Settlement Negotiations**

The parties have not engaged in any exhaustive settlement negotiations. Plaintiff states that he presented a settlement offer to defense counsel on November 16, 2018, but has not received a response. As discussed above, Plaintiff may be open to further settlement negotiations. Defendants do not believe a settlement conference would be productive in this case.

**XIV. Agreed Statement**

None. Defendants do not believe an agreed statement of facts is feasible or advisable given the parties dispute the majority of the material facts concerning the events of February 15, 2013.

**XV. Separate Trial of Issues**

Defendants request that the issue of the amount of punitive damages be bifurcated from the rest of the trial. In connection with this request, Defendants request that no evidence concerning their financial status be admitted unless and until the finder of fact determines that punitive damages are warranted in this case. Plaintiff has stipulated to bifurcation of trial.

As is the Court's general practice, the punitive damages phase, if any, will be bifurcated.

**XVI. Impartial Experts – Limitation of Experts**

Plaintiff states that this issue is "reserved."

Defendants state that the Court's appointment of an impartial expert witness, or limitation on the number of experts, is not necessary or advisable. The Court will address by separate motion the timely disclosure of Defendants' experts.

**XVII. Attorney's Fees**

Plaintiff does not state whether he intends to seek attorney's fees in this case.

Defendants state that Plaintiff is proceeding *pro se* and has not incurred any attorney's fees. Defendants do not anticipate seeking attorneys' fees if they prevail.

**XVIII. Trial Exhibits**

Plaintiff states that this issue is "reserved and retentional."

Defendants state that special handling of Plaintiff's CDCR records may be appropriate as to any confidential sections where disclosure may compromise the safety and security of the institution, staff, or other inmates, or impinge on Plaintiff's privacy. Defendants request that the Court retain all exhibits pending any decision on appeal.

Defendants may have exhibits they will wish to present on the Court's ELMO projector and/or A/V equipment.

**XIX. Trial Protective Order**

Plaintiff states that this issue is "reserved."

In the event that any Defendant is required to disclose information regarding his or her financial status, Defendants will request that the Court issue a protective order concerning this information under Local Rule 141.1(b)(2). Defendants may also seek a protective order for confidential documents reviewed by their experts in forming opinions regarding this case.

**XX. Miscellaneous**

    **A. Further Trial Preparation**

        **1. Motions in Limine**

            **a. Briefing Schedule**

Any party may file a motion in limine, which is a procedural mechanism to limit in advance testimony or evidence in a particular area. United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009) (quotation marks omitted). In the case of a jury trial, the Court's ruling gives Plaintiff and Defendants' counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury. Id. at 1111–12 (quotation marks omitted).

Any motions in limine must be served and filed with the Court by **April 1, 2019**. Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

Any opposition to a motion in limine must be served on the other party, and filed with the

Court by **April 15, 2019**.  **<u>No reply briefs shall be submitted by the parties.</u>**

An order may be issued prior to trial resolving these motions.  Otherwise, a motion in limine hearing will be held, telephonically, on **April 24, 2019 at 10:00 a.m.** in Courtroom 8 (BAM).

**Whether or not a party files a motion in limine, that party may still object to the introduction of evidence during the trial.** Nonetheless, evidentiary issues which will consume trial time should be addressed in motions in limine.

**2.     Other**

**a.     Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file a trial brief.  If the parties wish to submit a trial brief, they must do so on or before **April 19, 2019**.

**b.     Verdict Form**

The Court will prepare the verdict form, which the parties will have the opportunity to review on the morning of trial.  If the parties wish to submit a proposed verdict form, they must do so on or before **April 19, 2019**.

**c.     Jury Instructions**

The Court will prepare the jury instructions, which the parties will have the opportunity to review on the morning of trial.  **The parties shall also meet and confer, by telephone or other means, to agree upon jury instructions for use at trial.** Defendants shall file proposed jury instructions as provided in Local Rule 163 on or before **April 19, 2019**.  Plaintiff is not required to file proposed jury instructions but if he wishes to do so, he must file them on or before **April 19, 2019**.

All jury instructions shall indicate the party submitting the instruction (e.g., Plaintiff or Defendants), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, and the legal authority supporting the instruction.  **Defendants shall also provide the Court with a copy of their proposed jury instructions in Word format via e-mail at: bamorders@caed.uscourts.gov.**

The parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible.

Ninth Circuit Model Jury Instructions SHALL be used where the subject of the instruction is covered by a model instruction. Otherwise, BAJI or CACI instructions SHALL be used where the subject of the instruction is covered by BAJI or CACI. All instructions shall be short, concise, understandable, and neutral and accurate statements of the law. Argumentative or formula instructions will not be given and must not be submitted. Quotations from legal authorities without reference to the issues at hand are unacceptable.

The parties shall, by italics or underlining, designate any modification of instructions from statutory or case authority, or any pattern or form instruction, such as the Ninth Circuit Model Jury Instructions, BAJI, CACI, or any other source of pattern instructions. The parties must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

The Court will not accept a mere list of numbers of form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI, or other instruction forms. The proposed jury instructions must be in the form and sequence which the parties desire to be given to the jury.

All blanks to form instructions must be completed. Irrelevant or unnecessary portions of form instructions must be omitted.

### d. Proposed Voir Dire

Proposed voir dire questions, if any, shall be filed on or before **April 19, 2019**, pursuant to Local Rule 162.1.

### e. Statement of the Case

The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **April 19, 2019**. The Court will consider the parties' statements but will draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

### f. Trial Exhibits

The original and two (2) copies of all trial exhibits, along with exhibit lists, shall be submitted to **Courtroom Deputy Esther Valdez no later than April 19, 2019**. The parties shall also serve one (1) copy of all trial exhibits, along with their exhibit list, on each other no later

than **March 18, 2019**. This includes any demonstrative evidence the parties intend to use. Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101, etc.). Defendants' exhibits shall be pre-marked with the prefix "DX" and numbered sequentially beginning with 200 (e.g., DX-200, DX-201, etc.). Exhibits which are multiple pages shall be marked with page numbers in addition to the prefix and exhibit number, on each page of the exhibit (e.g., PX-100, page 1 of 2, PX-100, page 2 of 2, etc.). Defendants' exhibits shall also be separated by tabs.

**The parties are required to meet and confer, by telephone or other means, to agree upon and identify their joint exhibits, if any.** Joint exhibits shall be pre-marked with the prefix "JT" and numbered sequentially beginning with 1 (e.g., JT-1, JT-2, etc.), and Defendants' counsel shall submit the original and two (2) copies of the joint trial exhibits, with exhibit lists and separated by tabs, no later than **April 19, 2019**.

### XXI. <u>Objections to Pretrial Order</u>

Written objections to the pretrial order, if any, must be filed within **ten (10) days** of the date of service of this order. Such objections shall specify the requested modifications, corrections, additions, or deletions.

### XXII. <u>Compliance with Pretrial Order</u>

Strict compliance with this order and its requirements is mandatory. The Court will strictly enforce the requirements of this pretrial order, and counsel and parties are subject to sanctions for failure to fully comply with this order and its requirements. The Court will modify the pretrial order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The Court ADMONISHES the parties and counsel to obey the Federal Rules of Civil Procedure and the Court's Local Rules and orders. The failure to do so will subject the parties and/or counsel to sanctions as the Court deems appropriate.

IT IS SO ORDERED.

Dated: __**March 4, 2019**__ /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

16