| | |
|---|---|
| MERRICK JOSE MOORE, | 1:13-cv-01820-BAM (PC) |
| Plaintiff, | ORDER GRANTING IN PART DEFENDANTS' MOTION FOR LEAVE TO SERVE EXPERT WITNESS DISCLOSURES |
| v. | |
| CASAS, et al, | (ECF No. 126) |
| Defendants. | |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**I.  Introduction**

Plaintiff Merrick Jose Moore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claims for excessive force against Defendants Casas, Meier, Childress, and Adams, and for failure to intervene against Defendants Ford and Thornburg. All parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 7, 74.) This matter is set for trial on April 29, 2019.

**II.  Procedural Background**

Pursuant to the Court's Second Scheduling Order, issued January 4, 2019, trial was originally set for May 14, 2019. (ECF No. 112.) On February 12, 2019, Defendants filed a motion to modify the second scheduling order to continue trial, due to the unavailability of

1

Defendant Adams on the scheduled trial date. (ECF No. 116.) Plaintiff filed an opposition on February 25, 2019, (ECF No. 120), and the Court heard argument from the parties at the Telephonic Trial Confirmation Hearing ("TTCH") held on March 4, 2019.

As discussed during the TTCH, the Court granted in part and denied in part Defendants' motion to continue the trial, and trial was advanced to April 29, 2019. In light of the advanced trial date, defense counsel raised the issue of expert witness disclosures.

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), Defendants were required to disclose to Plaintiff the identity of any expert witness they may use at trial, at least 90 days before trial. Based on the original trial date, these disclosures were due on or before February 13, 2019. Defendants first identified two expert witnesses, a medical expert and a use of force expert, in their Pretrial Statement filed with the Court and served on Plaintiff on February 15, 2019. (ECF No. 119, p. 10.)

On March 5, 2019, the Court ordered Defendants to file a motion regarding their failure to timely comply with the disclosure requirements of Rule 26(a)(2). (ECF No. 123.) Defendants filed the instant motion on March 8, 2019, (ECF No. 126), and Plaintiff filed his opposition on March 20, 2019, (ECF No. 132). A hearing was held on March 22, 2019 to hearing argument from the parties.

**III.  Discussion**

As discussed on the record at the hearing, Defendants have withdrawn their motion as to their use of force expert, and will not seek to introduce him as a witness at trial. With respect to Dr. Feinberg, the medical expert, Defendants indicated at the hearing that he is currently preparing his written report, and it will be completed in approximately one week. Further, in their motion Defendants argued that any prejudice to Plaintiff by the late designation of Dr. Feinberg can be cured because they will make Dr. Feinberg available for a deposition at any point up until trial.

As discussed on the record, the Court will grant the motion for late designation of an expert witness and permit Dr. Feinberg to provide expert testimony at trial, under certain conditions. Specifically, Defendants shall make all necessary efforts to ensure that Plaintiff is in

possession of Dr. Feinberg's written report on or before **March 29, 2019**. Thereafter, Defendants are to schedule and arrange for Plaintiff to take Dr. Feinberg's deposition, at Defendants' expense, taking place no later than **April 12, 2019**. The deposition will take place at the institution where Plaintiff is housed, and Defendants shall ensure that in the event of Plaintiff's transfer to a new institution, the deposition will still occur no later than April 12, 2019. Defendants are to allow Plaintiff sufficient time to review Dr. Feinberg's report prior to the deposition taking place, shall provide advance notice to Plaintiff of the date the deposition will occur, and shall take all necessary steps to ensure that Plaintiff is in possession of his legal property such that he can prepare for and take the deposition.

Finally, as indicated on the record, any expense incurred in the preparation of Dr. Feinberg's written report or the taking of Dr. Feinberg's deposition shall be borne by Defendants, including the cost of a transcript for Plaintiff, and cannot be recovered by Defendants in the event they prevail at trial. This order does not preclude Defendants from seeking the award of other costs unrelated to Dr. Feinberg, should they prevail at trial.

**IV.** **Order**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' motion for leave to serve expert disclosures, (ECF No. 126), is GRANTED IN PART, solely with respect to Dr. Feinberg;
2. Defendants shall serve Dr. Feinberg's written report on Plaintiff on or before **March 29, 2019**;
3. Dr. Feinberg's deposition shall take place no later than **April 12, 2019**; and
4. The scheduling and cost of Dr. Feinberg's deposition shall otherwise be subject to the conditions set forth above.

IT IS SO ORDERED.

Dated: **March 22, 2019**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE