# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK JOSE MOORE,<br><br>        Plaintiff,<br><br>   v.<br><br>CASAS, et al.,<br><br>        Defendants. | Case No. 1:13-cv-01820-BAM (PC)<br><br>ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE ON REGISTERED NURSE SABIOS<br><br>(ECF Nos. 122, 143)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Merrick Jose Moore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. All parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 7, 74.) This matter is set for trial on April 29, 2019.

On March 5, 2019, Plaintiff's motion for attendance of incarcerated and unincarcerated witnesses was granted with respect to the attendance of unincarcerated witnesses Sergeant Love, Nurse Sabios, and Nurse Savage. (ECF No. 122.) Plaintiff submitted checks made out to these witnesses for the appropriate witness fees on March 27, 2019, and the Court directed service of subpoenas on the witnesses the same date. (ECF No. 139.)

On April 2, 2019, subpoenas were returned executed as to Sergeant Love and Nurse Savage. (ECF No. 144.) However, the subpoena as to Nurse Sabios was returned unexecuted and the check for Nurse Sabios was returned to the Clerk of the Court. (Id.)

1

Plaintiff, as an incarcerated *pro se* plaintiff proceeding *in forma pauperis*, is entitled to rely on the U.S. Marshal for service of subpoenas for his unincarcerated witnesses. See Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). However, it is ultimately Plaintiff's responsibility to provide the Marshal with accurate and sufficient information to effect service. See Walker v. Sumner, 14 F.3d 1415, 1421–22 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 (1995).

Here, the U.S. Marshal attempted to serve Nurse Sabios with the information that Plaintiff provided. However, the Marshal was informed by CDCR that no one by the name Sabios has ever worked at CSP or any other CDCR location. CDCR suggested a possible spelling error, and that the name of the witness might be spelled "Ceballos." (ECF Nos. 143, 144.) Plaintiff therefore has not provided sufficient information to identify and locate Nurse Sabios for service of the subpoena.

Plaintiff will be afforded an opportunity to provide correct or updated information regarding this witness's name, **as well as provide a new check for the appropriate witness fees made out to the name of the correct individual**. Regarding the check made out to R.N. Sabios, the Court will physically return the check to Plaintiff at trial, unless Plaintiff requests otherwise.

Accordingly, it is HEREBY ORDERED that within **fourteen (14) days** from the date of service of this order, Plaintiff shall provide the Court with the correct spelling of the name of Nurse Sabios. If Plaintiff wishes to have the U.S. Marshal attempt to re-serve the subpoena on this witness, Plaintiff should submit a new check or money order in the amount of $102.64, made out to the correct spelling of the witness's name. **Plaintiff's failure to timely comply with this order will result in Plaintiff's inability to call this witness to testify at trial**.

IT IS SO ORDERED.

Dated: **April 3, 2019**        /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE