# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK JOSE MOORE,<br><br>           Plaintiff,<br><br>      v.<br><br>CASAS, et al.,<br><br>           Defendants. | Case No. 1:13-cv-01820-BAM (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS IN LIMINE<br><br>(ECF No. 140) |

Plaintiff Merrick Jose Moore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claims for excessive force against Defendants Meier, Casas, Childress, and Adams, and for failure to intervene against Defendants Ford and Thornburg, with respect to events that occurred on February 15, 2013. All parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 7, 74.) This matter is set for trial on April 29, 2017.

On March 28, 2019, Defendants filed motions in limine. (ECF No. 140.) Plaintiff did not file motions in limine or an opposition to Defendants' motions in limine. Defendants' motions were heard before the undersigned on April 24, 2019. Plaintiff appeared telephonically on his own behalf, and Lucas Hennes and Joanna Hood appeared telephonically on behalf of Defendants. As discussed on the record, although Plaintiff did not have an opportunity to respond in writing, argument was heard from all parties on the motions at the hearing. The motions are

1

deemed submitted.  Local Rule 230(l).

**I.     Motions in Limine**

    **A.     Standard**

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial.  See Luce v. United States, 469 U.S. 38, 40 n.2 (1984).  "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings."  Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir. 1997).  A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence.  Brodit v. Cambra, 350 F.3d 985, 1004–05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored and such issues are better dealt with during trial as the admissibility of evidence arises.  See, e.g., Brown v. Kavanaugh, No. 1:08–CV–01764–LJO, 2013 WL 1124301, at *2 (E.D. Cal. Mar. 18, 2013) (citing Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975); see also In re Homestore.com Inc., No. CV 01–11115 RSWL CWX, 2011 WL 291176, at *2 (C.D. Cal. Jan. 25, 2011) (holding that motions in limine should "rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial"); see cf. Oracle Am. Inc. v. Google Inc., No. C 10–03561 WHA, 2012 WL 1189898, at *4 (N.D. Cal. Jan. 4, 2012) (concluding that "a broad categorical exclusion" was unwarranted).  Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine, and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury.  Jonasson, 115 F.3d at 440.

    **B.     Defendants' Motions in Limine**

For the reasons discussed at the hearing, each of Defendants' motions in limine are granted or denied, in whole or in part, as indicated below:

///

2

(1)     Defendants' motion to preclude Plaintiff from making any reference to defendants, claims, or events that were dismissed or are irrelevant to his claims for excessive force and failure to intervene is GRANTED.

(2)     Defendants' motion to preclude Plaintiff from offering opinions or inferences about the nature or extent of his alleged injuries is GRANTED.  As a non-expert witness, Plaintiff may testify as to matters in his personal experience, including what happened to him, what he saw, how he felt, and any issues or feelings he has experienced, such as pain, relating to his medical needs or condition, including any current pain or issues.  However, Plaintiff may not testify as to any medical matter which requires scientific, technical, or other specialized knowledge.  This generally includes any diagnosis, cause and effect relationship, and/or the interpretation of medical records.  Fed. R. Evid. 701; see also Johnson v. Dunnahoe, 2013 WL 793220, *1–2 (E.D. Cal. Mar. 4, 2013) (granting motion in limine precluding testimony by prisoner on matters within the purview of a medical expert).  This does not preclude Plaintiff from attempting to introduce the testimony of qualified medical personnel as to matters within the purview of a medical expert.

(3)     Defendants' motion to preclude evidence that any Defendant is a party in another lawsuit or was involved in other incidents alleging misconduct is GRANTED, without prejudice to Plaintiff raising the issue again in the event there is testimony by any Defendant that might open the door as to motive.

(4)     Defendants' motion to preclude Plaintiff from offering or eliciting testimony regarding personnel matters involving Defendants, including prior complaints concerning job performance or prior disciplinary issues is GRANTED.

(5)     Defendants' motion to exclude evidence or testimony of offers to compromise is GRANTED.

(6)     Defendants' motion to exclude evidence that the State of California may pay the judgment or reimburse Defendants in the event a judgment is rendered against them is GRANTED.

///

(7) Defendants' motion to allow evidence of Plaintiff's and any inmate-witness's felony conviction for impeachment purposes is GRANTED IN PART and DENIED IN PART. Defendants may elicit testimony regarding the name of the conviction offense and the date of conviction, but not the length of the sentence. Other than the name of the conviction offense, Defendants may not elicit facts about the nature of any witness's felony conviction.

## II. Other Matters

As more fully discussed on the record, Plaintiff's motion for leave to submit his trial exhibits late, is GRANTED. Plaintiff should complete the summary and/or list of his trial exhibits as soon as possible and provide it to the Litigation Coordinator at his current institution. Defense counsel should contact the Litigation Coordinator to obtain a copy of the summary. **<u>Plaintiff must bring his exhibits with him on the day of trial</u>**.

In addition, the Court's April 3, 2019 order to show cause regarding Plaintiff's failure to provide sufficient information to effectuate service on Registered Nurse Sabios, is DISCHARGED. As discussed on the record, given existing time constraints of trial, Plaintiff has agreed to proceed to trial without the testimony of this witness.

IT IS SO ORDERED.

Dated: **April 24, 2019**        /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE